WEAVER, Guardian of Low, *v.* Low.

DECEDENTS' ESTATES.—Under the statute, the widow and minor children are entitled to occupy the dwelling house and adjacent fields, not exceeding forty acres, for one year from the death of the husband free of rent; but where the minor children are removed by their guardian, he cannot maintain an action against the widow to recover any part of the rental value of the premises for such year.

APPEAL from the *Hamilton* Common Pleas.

ELLIOTT, J.—The appellant, as guardian of the infant children of *Henry H. Low*, deceased, sued *Elizabeth Low*,

the widow of said decedent. The court sustained a de-murrer to the complaint, and rendered final judgment for costs against the plaintiff. The correctness of the ruling, in sustaining the demurrer, is the only question presented in the record.

The facts presented by the complaint are, in substance, as follows: *Henry H. Low* died in the summer of 1866, leaving the defendant his widow, by whom the dece-dent had no children, but leaving children (the plaintiff's wards) by a previous marriage. At the time of his death, said *Henry H.* was seized in fee of one hundred acres of land, of which about forty acres were cleared and in culti-vation, and on which, we infer from the complaint, he re-sided at the time of his death. After his death, the defend-ant, as his widow, continued in possession of the residence, including said cultivated land, and received the rents, use and profits thereof, for the period of one year. The de-fendant also became the administratrix of the estate of her deceased husband. At the expiration of about one month after the death of said *Henry H.*, the plaintiff was duly appointed guardian of the three infant children, and imme-diately thereafter, by the consent of the defendant, took them away from the defendant, and has since had them in his own possession and keeping. He brings this suit to recover, for the use of his wards, two-thirds of the rental value of said real estate for the period of a year next suc-ceeding the death of said *Henry H.*, which he alleges to be of the value of one hundred and twenty-five dollars.

Do these facts constitute a valid cause of action? It is declared by statute that "a surviving wife and minor chil-dren shall, in all cases, be allowed to remain in the ordinary dwelling house of the family, and to occupy the same and the messuage thereunto appertaining, and fields adjacent, if any, not exceeding forty acres, free of rent, for one year from the death of her husband." 1 G. & H., § 28, p. 297. The object in the enactment of this provision evidently was to secure to the widow of a deceased husband, and such of

the minor children as should constitute members of the family, a temporary home and means of support, by allowing them, as a family, to remain in and occupy the dwelling house and messuage, and adjacent fields, not, however, exceeding forty acres, free of rent, for the period of a year next succeeding the death of the husband. · The widow is the recipient of the. bounty as the remaining head of the family, but it is to be used for the common benefit of all constituting such family; that is, for herself and the minor children, so long as they continue to live with her.  Here the guardian removed the children from the custody of the widow, after which they were no longer members of the family; they ceased to be occupants of the homestead, and have no claim to share in the benefits of the premises thus given to the widow free of rent.

We think the court did right in sustaining the demurrer, and the judgment must therefore be affirmed.

The judgment is affirmed, with costs.

*J. W. Evans*, for appellant.

*D. Moss*, for appellee.