## SWAIN v. BARTLOW.

DECEDENTS' ESTATES.—*Right of Widow Under Section* 28 *of the Statute of Descents.*—Under section 28 of the statute of descents, 1 R. S. 1876, p. 413, the surviving wife and minor children of a decedent may not only occupy the messuage and adjacent fields, if any, not exceeding forty acres, but they may receive, use and enjoy the fruits and products of the same which naturally ripen, mature and come off during the year for which they have the right to occupy the premises.

SAME.—*Conversion.—Right of Action.—Landlord and Tenant.—Emblements.*—Where, previous to the death of the decedent, a tenant had rented and sowed in grain a certain field adjacent to the decedent's dwelling-house, which was growing thereon at the death of the decedent, and, by the terms of the tenancy, the tenant was not to have any of the straw raised upon such field, and such straw matures during the year, the widow has a right thereto; and if the tenant wrongfully converts the same to his own use, she has a right to recover therefor.

From the Madison Circuit Court.

*H. D. Thompson*, for appellant.

*C. L. Henry*, for appellee.

BIDDLE, J.—This case came into the circuit court by an appeal from the judgment of a justice of the peace.

Trial and special finding by the court as follows:

"That John T. Swain died testate, on the 4th day of January, 1874, the owner in fee-simple of a farm of eighty-nine acres of land in Madison county, Indiana, with one

dwelling-house thereon, and several fields under cultivation; that the plaintiff is the widow of said decedent; that the defendant, in the fall of 1873, rented and sowed in wheat a certain field of eleven acres, on said farm, adjacent to said dwelling-house, which wheat was growing thereon at the time of the death of the said John T. Swain; that, under the contract of rent of said field, the defendant was not to have any of the straw raised upon said field; that the plaintiff, as the widow of John T. Swain, selected the said field as a part of the forty acres allowed under section 28, 1 G. & H., p. 297; that said John T. Swain left six children living, among whom was a child fourteen years of age, by a former wife, which minor child, with the plaintiff, lived in said residence on said farm until the 1st day of September,1874, and no longer, and that the plaintiff remained thereon until the 1st day of November, 1874; that the defendant did, on the —— day of July,1874, cut and haul away, and convert to his own use, all of the straw of the wheat raised on said field, of the value of thirty dollars, and which is the straw the value of which is by the plaintiff herein sued for in this suit."

The conclusion of law by the court on this state of facts was, that the plaintiff was not entitled to recover, to which the appellant excepted, and from which she has appealed to this court.

The appellant insists that she is entitled to the straw in controversy, as a product of the field which she had a right to occupy during one year from the death of her husband, under section 28 of the descent law, 1 R. S. 1876, p. 413.

The appellee insists that the straw was a part of the annual crop belonging to the administrator, and should have been inventoried under section 34 of the decedents' act, 2 R. S. 1876, p. 505; and that, as it had not been set apart to the widow as a part of the five hundred dollars to which she was entitled, it still belonged to the administrator, and that she therefore could not recover for it.

The language of the section first above cited is as follows ::
" Sec. 28. A surviving wife and minor children, shall in
all cases be allowed to remain in the ordinary dwelling-
house of the family, and to occupy the same and the mes-
suage thereunto appertaining, and fields adjacent, if any,
not exceeding forty acres, free of rent, for one year from
the death of her husband."

A fair construction of this section means, we think, that
the surviving wife and minor children shall not only occupy
the messuage and adjacent fields, if any, not exceeding
forty acres, but that they shall receive, use and enjoy the
fruits and products of the same which naturally ripen,
mature and come off during the year which they have the
right to occupy the premises. To restrict the meaning of
the section to the mere occupancy of the fields, without
the use and enjoyment of its products, would be a " barren
ideality," and would wholly frustrate the benefits and pur-
poses contemplated in its enactment. The finding of the
court in this case shows that the straw in controversy was
the product of the field, which grew and matured during
the year which the appellant had a right to occupy it and
enjoy its fruits, that the appellee had no right to it, and
that he took it wrongfully, and converted it to his own use.
The finding, therefore, shows that the appellant has a.
right to recover the value of the straw.

Something was said by the court as to what parties ought
to sue as plaintiffs, but no such question is raised in the
record, and no such objection was made by the appellant ;.
and, even if there was a defect of parties plaintiffs, it was
not such a defect as would prevent the appellant from re-
covering, where no objection for that reason was made to
the complaint.

The judgment is reversed, at the costs of the appellee ; and
the cause remanded, with instructions to the court to render
judgment on the finding in favor of the appellant, for the
value of the straw and costs of suit.