## TUCKER ET AL. *v.* MURPHY, ADM'R.

### No. 7469.

DECEDENTS' ESTATES.—*Right of Widow to Emblements on Messuage—Pleading.—Set-Off.*—In an action by an administrator against the wife of his decedent, she answered by way of set-off, alleging the conversion by such administrator of a wheat crop growing, at the death of her husband, upon land "adjacent to the dwelling-house and messuage thereunto appertaining," but did not allege that she had not had the full benefit of the forty acres to which she was entitled, nor did it aver that the field on which such wheat grew was a part of the land selected by her under section 28 of the law of descents.

*Held,* that such answer was insufficient on demurrer.

SAME.—*Presumption.*—In such case, it will not be presumed that the administrator appropriated as assets the emblements to which the widow and children were entitled.

From the Howard Circuit Court.

*N. R. Linsday* and *T. A. DeLand,* for appellants.

*J. O'Brien* and *M. Garrigus,* for appellee.

WORDEN, J.—This was an action by the appellee, Alexander Murphy, administrator of the estate of Jacob Tucker, deceased, against Mary A. Tucker and J. N. Poundstone, upon a promissory note executed by the latter to the former.

For a second amended paragraph of answer, by way of set-off, the defendants pleaded as follows :

" And the said defendants, for further answer to plaintiff's complaint, say, that they admit the giving of the note sued upon, and that it is now due and unpaid, except the sum of $112, which was paid by the defendant Mary A. Tucker to the plaintiff before the beginning of this action ; and defendants further say, that said Mary A. Tucker is the principal on said note, and her co-defendant, Poundstone, is her surety ; that she is the widow of said Jacob Tucker, for whom the plaintiff is administrator ; that said Tucker departed this life on or about the

17th day of March, 1877, intestate, the owner in fee of the following real estate, to wit:" (description) "all in Howard county, Indiana; and defendants say, that at the time of the death of said Jacob Tucker, he, with defendant and family, was residing in the ordinary dwelling of the said Jacob, situate upon the land hereinbefore described. and that this defendant, as the widow of the said Jacob, with the remaining members of his family, continued to occupy said residence, and that this defendant still resides in said dwelling, and defendant Mary A. Tucker says, that there were fields adjacent to said dwelling and the messuage thereunto appertaining, amounting to forty acres, and that on one of said adjacent fields there was, at the time of the death of said Jacob, to wit, March 17th, 1877, a wheat crop growing; and that the plaintiff, without the consent of the defendant, sold said wheat, so growing on said field, for the sum of $200, and used the same as assets in payment thereof. Whereupon defendant asks that the said sum of $200, hereinbefore mentioned and pleaded by her, may be set off against any sum due. the plaintiff upon his cause of action, and that she may have judgment for the residue," etc.

A demurrer to the above paragraph, for want of sufficient facts, was sustained; exception; judgment for the plaintiff.

The correctness of the ruling on the demurrer is questioned by an assignment of error.

The statute provides, that " A surviving wife and minor children shall in all cases be allowed to remain in the ordinary dwelling-house of the family, and to occupy the same and the messuage thereunto appertaining, and fields adjacent, if any, not exceeding forty acres, free of rent, for one year from the death of her husband." 1 R. S. 1876, p. 413, sec. 28.

The counsel for the appellee do not controvert the

right of the widow and children to occupy the forty acres of land for the period of one year from the death of the deceased; but they insist, as we understand their brief, that nevertheless the administrator had the right to sell the wheat in question as assets of the estate. They say, "The answer does not attempt to assert that the act of Murphy, in taking charge of and causing to be inventoried and sold the wheat growing on the land of his decedent, prevented the widow and appellee [appellant?] in this case from getting forty acres of land in fields adjacent to the dwelling-house, for one year after the husband's death."

The answer, it seems to us, is defective in this particular. It may be, for all that appears, that the widow and children had the full benefit of the forty acres of land provided for. It does not appear that the forty acres had been selected by the widow, and that the field on which the wheat grew was a part of the land selected, as was the case in *Swain* v. *Bartlow*, 62 Ind. 546.

It is alleged, to be sure, that "there were fields adjacent to said dwelling and messuage thereunto appertaining, amounting to forty acres, and that on one of said adjacent fields there was      *      *      *      *      a wheat crop growing," etc. This may be true, and yet the widow may have had the full forty acres adjacent, without the field mentioned.

It will not be presumed that the administrator appropriated as assets the emblements of the land, to which the widow and children were entitled. The fact should be made affirmatively to appear, which is not done by the answer in question. We have not thought it necessary to consider whether the paragraph is otherwise good.

The judgment below is affirmed, with costs.