No. 8578.

JONES v. JONES.

DECEDENTS' ESTATES. — *Widow's Rights Under Section 28 of Statute of Descents.*—*Growing Wheat.*—A widow, occupying land for the year after the death of her husband, under section 2492, R. S. 1881, is entitled to the husband's share of wheat planted on the land by a tenant before the husband's death, which ripened and was harvested during such year.

From the Montgomery Circuit Court.

*E. C. Snyder*, for appellant.
*T. H. Ristine* and *H. H. Ristine*, for appellee.

BICKNELL, C. C.—This was an action by the appellee against the appellant, to recover damages for taking and carrying away wheat.

The appellee's husband died in May, 1879, seized of a dwelling-house and forty acres of land around it, which was his ordinary family residence. On this land the wheat was growing; it had been planted in the fall of 1878, by Abner Jones, under an agreement by which he was to have one-third of the crop for his labor, and the deceased was to furnish the seed and implements, and horses for sowing, cultivating and harvesting, and was to receive two-thirds of the crop. When the crop was harvested, Abner Jones took his one-third, and

the appellant, who was a son of the deceased, carried off the other two-thirds.

The appellee, as widow of the deceased, was occupying said house and said forty acres, under section 28 of the law of descents, 1 R. S. 1876, p. 413, which provides that "A surviving wife and minor children shall, in all cases, be allowed to remain in the ordinary dwelling-house of the family, and to occupy the same and the messuage thereunto appertaining, and fields adjacent, if any, not exceeding forty acres, free of rent, for one year from the death of her husband."

During this year, the wheat was carried away by the appellant, who claimed it as an heir of the deceased, on the ground that the rent follows the reversion. *Hendrix* v. *Hendrix*, 65 Ind. 329.

The cause was tried by a jury, who found for the appellee eighty-six dollars and thirteen cents.

The appellant assigns errors:

First. The court erred in overruling the demurrer to the complaint.

Second. The court erred in sustaining the demurrer to the first paragraph of the answer.

The appellant, in his brief, waives the first error assigned, by expressly declining to discuss it.

The first paragraph of the answer states, in substance, that the appellant is a son and heir of the deceased; that the deceased rented the land mentioned in the complaint to his son, Abner Jones, who was to pay for the use of the ground two-thirds of the crop, the deceased agreeing to furnish the seed, implements, and horses for sowing, cultivating and harvesting; that said wheat taken by appellant was part of the crop raised upon said land under said contract of renting.

There was no error in sustaining the demurrer to this defence; it was clearly insufficient. Section 28 of the law of descents, hereinbefore cited, has been construed by this court as follows: "A fair construction of this section means, we

think, that the surviving wife and minor children shall not only occupy the messuage and adjacent fields, if any, not exceeding forty acres, but that they shall receive, use and enjoy the fruits and products of the same, which naturally ripen, mature and come off during the year in which they have the right to occupy the premises. To restrict the meaning of the section to the mere occupancy of the fields, without the use and enjoyment of its products, would * * wholly frustrate the benefits and purposes contemplated in its enactment." *Swain* v. *Bartlow*, 62 Ind. 546. That case is decisive of the present case. There the property in controversy was wheat straw, planted by a tenant and ripened on the land during the widow's year. Here the property is wheat planted by a tenant, and ripened on the land during the widow's year. There is no difference in the principle. The ruling in the case of *Swain* v. *Bartlow*, *supra*, was recognized in the subsequent case of *Tucker* v. *Murphy*, 71 Ind. 576. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.