No. 11,009.

## HOOVER v. AGNEW, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Growing Crops.*—*Widows' Rights.*—*Complaint.*—Adjacent to the dwelling of an intestate was, when he died, a field of twenty acres of growing wheat—part of his farm.. His widow, a second wife, made no selection of forty acres, as her quarantine, under the statute, R. S. 1881, section 2492, which did not include the wheat field. The administrator, as such, took the wheat, too, and she sued him as administrator to recover its value.

*Held*, that her complaint averring these facts was good on demurrer.

SAME.—*Statute Construed.*—The widow's right of quarantine, under the statute, belongs to any widow, and does not depend upon the existence of minor children.

From the Pulaski Circuit Court.

*G. Burson*, for appellant.

*N. L. Agnew*, for appellee.

ZOLLARS, J.—This action is by appellant, the widow of Jacob Hoover, deceased, against appellee, as the administrator of her deceased husband's insolvent estate. It is averred in the complaint, amongst other things, that the husband died in 1882, the owner of a farm with a dwelling-house thereon, in which he and appellant, his second wife, were living at the time of his death, and in which she lived for about a year thereafter, and until the real estate was sold to pay debts; that at the time of the husband's death there was twenty acres of growing wheat in a field immediately adjacent to the dwelling, one-third of which wheat belonged to a tenant, and the two-thirds to appellant, as widow; that she made no selection or election to take and hold, for the year succeeding her husband's death, any other forty acres of the real estate in place of the fields adjoining the dwelling and upon which the wheat was growing, nor did she receive or claim any of the rents, for the year, of any other part of the real estate; and that the appellee, as administrator, has taken her portion of the wheat, converted it into money, and mixed it

with the other moneys of the estate. Prayer that she may, by proper judgment, recover the value of the wheat.

Appellant prosecutes this appeal, assigning as error the sustaining of a demurrer to the complaint. Her claim for a recovery is based upon section 2492, R. S. 1881, which is as follows: "A surviving wife and minor children shall, in all cases, be allowed to remain in the ordinary dwelling-house of the family, and to occupy the same and the messuage thereunto appertaining, and fields adjacent, if any, not exceeding forty acres, free of rent, for one year from the death of her husband."

We have no brief from appellee, and do not know upon what ground he challenged the complaint, or upon what ground the trial court sustained the demurrer, except as we gather from the briefs of appellant's counsel. From the statements therein, the complaint seems to have been held insufficient partially upon the authority of the case of *Tucker* v. *Murphy*, 71 Ind. 576, and partially because the complaint shows that there are no minor children, and that appellant was a second wife. In the case of *Tucker* v. *Murphy*, *supra*, the contest was between the widow and the administrator of her husband's estate, in relation to wheat which was growing upon the land at the time of the husband's death. No question is made by the learned judge who delivered the opinion of the court as to the right of the widow to the wheat under the statute, had her claim been asserted by a sufficient plea. The judgment was affirmed against the widow because it did not appear from her plea but what she may have had the use and rent of the full 40 acres allowed by the statute, without the field upon which the wheat was grown. That can not be said of the case in hearing. The statute does not provide for any time or manner of selection, nor does it require that any selection of the 40 acres shall be made by the widow. Manifestly, a sufficient selection would be indicated by occupying and using the land, or by claiming the annual crops when interfered with or taken by others.

The statute provides that the surviving wife and children shall occupy and use the dwelling and 40 acres of land, but it by no means follows from this that if there be no minor children, or if they refuse to remain with her, the widow shall be turned out and deprived of the protection provided by the statute. *Weaver* v. *Low,* 29 Ind. 57.

No distinction is made between a first or second wife. The language of the law is, that in all cases the surviving wife, etc. No plausible reason can be given why there should be any such distinction.

It is settled by the adjudications of this court that the right to occupy and use the 40 acres includes the right to the crops maturing thereon ; otherwise, the surviving wife might receive but little benefit, and the purpose of the statute be thwarted. *Swain* v. *Bartlow,* 62 Ind. 546 ; *Jones* v. *Jones,* 81 Ind. 292. Ordinarily, the administrator is entitled to the crops growing at the death of the husband and owner of the land ; but this right is subordinate to the rights of the surviving wife and minor children, in a case like this, whether the husband's estate be solvent or insolvent. The intent of the legislation is to make provision for the wants of the widow and children, treating their immediate necessities as paramount to the claims of creditors. This bounty is assured, in the language of the statute, " in all cases." It is in accord with the spirit of the legislation of this and other States, making provision for the surviving wife and children.

It is greatly to the credit of the law that for centuries it has secured some such protection to the widow and children. As far back as the reign of Henry II. the husband could not will away from the widow and children more than one-third of his personal property. "The Magna Charta of Henry III., which established and defined the rule of dower, made a special provision that the widow might tarry 40 days after her husband's death in her husband's house. This latter privilege has since been known as the widow's *quarantine,*" and has been

recognized and extended by statute in many of the States. Schouler Ex'rs & Adm'rs, secs. 448, 449, 457.

Without further comment, we think the complaint sufficient, and that the court below erred in sustaining the demurrer.

The judgment is reversed, with costs, and the court below directed to overrule the demurrer, and proceed in accordance with this opinion.

Filed Oct. 16, 1883.    Petition for a rehearing overruled Nov. 20, 1883.