No. 354.

## WILLITTS, ADMINISTRATOR, *v.* SCHUYLER.

DECEDENTS' ESTATES.—*Claim Filed by Wife.—Right of Wife to Testify.*— Where a claim is filed by a wife against her deceased husband's estate, it is competent for the court to call the wife as a witness, and permit her to testify to matters which occurred during the lifetime of the decedent. She would have been incompetent under section 498, R. S. 1881, except for the action of the court requiring her to testify. It is within the power of courts, in the exercise of their discretion, to require witnesses to testify who are rendered incompetent by the provisions of the above section, and there is no legislative limit upon such discretion, except that it shall be reviewable on appeal.

SAME.—*Emblements.—Right of Wife to.*—Where the decedent] lived upon a farm at the time of his death, upon which there was growing a crop of wheat upon the forty acres adjacent to the dwelling, planted by a tenant upon shares, the wife was entitled to the landlord's share of the crop under the statutory right of quarantine. The fact that she was a second wife does not deprive her of that right.

SAME.—*Emblements.—Conversion of by Administrator.—Wife may Sue for Proceeds.*—Where the administrator disregarded the right of the wife to the emblements, and disposed of the same, accounting for the proceeds as part of the assets of the estate, the wife may waive her right of action for the conversion, and pursue and obtain the proceeds.

From the Hamilton Circuit Court.

*W. S. Christian*, for appellant.

*G. Shirts, M. Vestal* and *J. M. Kilbourne*, for appellee.

CRUMPACKER, J.—Martha Schuyler filed a claim against the estate of George K. Schuyler, her deceased husband, of which estate Willitts is administrator.

The claim consisted of a note of $416.66, and interest, given by the decedent to the claimant, an item of $100 for money loaned by her to him, and $37.50 for wheat raised upon the homestead and taken by the administrator.

The cause was tried by the court without a jury, and resulted in a finding and judgment in favor of the plaintiff for the full amount of her claim.

The administrator appeals, and insists that the court erred

in giving the appellee judgment for the note. It is claimed in his behalf that the decedent, in 1885, owned a parcel of real estate, which he desired to sell, and the appellee refused to join with him in the conveyance, unless she had part of the proceeds of the sale, and that, to induce her to sign the deed, he gave her the note in question, under the agreement that, if he should invest the proceeds of the real estate in other land with the title in his own name, the note was not to be paid; otherwise it should be; and that he subsequently invested all of the proceeds of such sale in other real estate, in accordance with the terms of said agreement. The note is an ordinary note of hand, payable 105 days after date, with interest and attorney's fees. The alleged contemporaneous agreement respecting the payment of the note by the purchase of real estate was in parol. Evidence was introduced tending to establish such collateral agreement, and the court called the appellee as a witness, and she positively denied its existence.

The court accredited her testimony, and found that there was no such an agreement, and it is not in our power to disturb the finding.

Complaint is made of the action of the trial court in calling the appellee as a witness and permitting her to testify to matters which occurred during the lifetime of the decedent. She would have been incompetent under section 498, R. S. 1881, except for the action of the court requiring her to testify.

It is within the power of courts, in the exercise of their discretion, to require witnesses to testify who are rendered incompetent by the provisions of the above section, and there is no legislative restriction or limit upon such discretion, except that it shall be reviewable on appeal.

In the case before us there are no indications of an improper use of the discretion confided in the trial court, and we can discover no reasons for criticising its action.

The only other error complained of relates to the action

of the court in allowing the appellee the amount of the item in her account for emblements.

The decedent lived upon a farm at the time of his death, upon which there was growing a crop of wheat upon the forty acres adjacent to the dwelling, planted by a tenant upon shares. Appellee claimed the landlord's share of the crop under the statutory right of quarantine, but the administrator disregarded her claim, and inventoried the wheat and disposed of it, accounting for the proceeds as part of the assets of the estate.

There is no doubt of appellee's right to the wheat under the statute making provision for the maintenance of the widow and children during the year following the death of the intestate. Her right is paramount to that of the creditors, and consequently superior to that of the administrator, who is primarily a trustee for them. The fact that the appellee was a second wife without issue does not deprive her of the right of quarantine. *Hoover* v. *Agnew*, 91 Ind. 370; *Tucker* v. *Murphy*, 71 Ind. 576; *Swain* v. *Bartlow*, 62 Ind. 546.

While "emblements," within the meaning of our statute for the settlement of estates, go to the administrator instead of the heir, the appellee's claim in this case is not as an heir, but under an express statute conferring upon her the right to the crop. .

The point is made that, although she is entitled to the emblements, her right of action therefor is against the administrator personally, and not in his trust capacity. It appears that the administrator took the crop under the belief that it was his duty so to do, and had on hand, credited to the estate fund, the proceeds thereof.

We think, under familiar principles of equity, the owner of property so converted may waive his right of action for the conversion and pursue and obtain the proceeds. Certainly no harm could result to the estate in the allowance of the claim, because if it were recovered from the administrator

individually, he would be entitled to credit for the amount in his trust account.

There is no error in the record.

The judgment is affirmed.

Filed Nov. 13, 1891.