## BUSH, ADMINISTRATOR, *v.* BUSH.

[No. 6,136. Filed January 14, 1908.]

DECEDENTS' ESTATES.—*Widows' Quarantine Rights.—Harvested Crops.*—The widow of deceased who died July 20 leaving a crop of wheat shocked and standing in a field, which field was included within the forty acres constituting the widow's statutory reservation for one year, is not entitled to such harvested crop.

From Whitley Circuit Court; *Joseph W. Adair,* Judge.

Final report of Albert Bush, as administrator of the estate of Joseph Bush, deceased, to which Catherine Bush excepts. From a judgment for the exceptor, the administrator appeals. *Reversed.*

*Marshall, McNagny & Clugston,* for appellant.
*Andrew A. Adams,* for appellee.

HADLEY, P. J.—Appellant's decedent, Joseph Bush, died July 20, 1904. Prior to that date his employes had cut and shocked a number of acres of wheat on forty acres adjacent to the family dwelling. The administrator took charge of this wheat, and in due season sold the same for $227.80, which he made a part of the general funds of the estate. The appellee, the widow of Joseph Bush, excepted to the final report of the administrator, claiming the proceeds of this wheat by virtue of her quarantine rights. The court sustained her exception, and ordered the administrator to pay over to appellee the sum realized from the sale of the property. From this decision of the court the administrator appeals.

The foregoing facts are undisputed, and present the only question in this case. Section 3030 Burns 1908, §2492 R. S. 1881, provides: "A surviving wife and minor children shall, in all cases, be allowed to remain in the ordinary dwelling-house of the family, and to occupy the same and the messuage thereunto appertaining, and fields adjacent, if any, not exceeding forty acres, free of rent, for one year from the death of her husband." This has been construed to mean that the widow and children not only may have the land free of rent, but are entitled to all crops ripening and maturing thereon within the year, and have the right to occupy the land. Henry, Probate Law, §900; *Jones* v. *Jones* (1881), 81 Ind. 292; *Swain* v. *Bartlow* (1878), 62 Ind. 546; *Tucker* v. *Murphy* (1880), 71 Ind. 576; *Hoover* v. *Agnew* (1883), 91 Ind. 370; *Willitts* v. *Schuyler* (1891), 3 Ind. App. 118.

But while we recognize the beneficent purpose of the statute, and the liberality with which it should be construed, yet we cannot so extend the statute as to hold that it gives to the family of the deceased crops that had ripened and matured and had been harvested though not removed from the land prior to decedent's death. If wheat cut and shocked should go to the widow under this section, we can see no reason why wheat cut and stacked should not, and if wheat cut and stacked should be so considered, then hay in the barn or corn in the crib would be in the same category. In the case before us the widow could have obtained a crop of wheat by sowing it in the fall and harvesting it before her year had expired. The wheat having ripened, and having been harvested before the death of decedent, it belonged to his estate, and not to his widow; and the court erred in ordering the administrator to pay the proceeds over to the widow.

Judgment reversed as to the item concerning the wheat, and affirmed as to the other items mentioned in the judgment, including the item as to costs. Costs in this court to be taxed to appellee.