FIDELITY AND COLUMBIA TRUST COMPANY, TRUS-
TEE, ET AL. *v.* M. A. SWEENEY SHIPYARD
AND FOUNDRY COMPANY ET AL.

[No. 10,626.    Filed December 22, 1920.]

MORTGAGES.—*Foreclosure.*—*Joinder of Plaintiffs.*—An owner of all the bonds of a corporation secured by a mortgage on its property may properly join with the trustee in an action to foreclose, under §§251, 252 Burns 1914, §§251, 252 R. S. 1881, nothwithstanding §249 Burns 1914, §249 R. S. 1881.

From Clark Circuit Court; *James W. Fortune,* Judge.

Action by the Fidelity and Columbia Trust Company, trustee, and others against the M. A. Sweeney Shipyard and Foundry Company and others. From a judgment for defendants, the plaintiffs appeal. *Reversed.*

*Helm Bruce, Oscar O. Bader, Grover G. Sales, Charles L. Jewett, Walter V. Bulleit* and *Henry E. Jewett,* for appellants.

*Jonas G. Howard,* for appellees.

NICHOLS, J.—This action by appellants against appellees was for the foreclosure of a mortgage given to secure bonds to the amount of $25,000, such mortgage being upon the real estate, plant and personal property of appellee M. A. Sweeney Shipyard and Foundry Com-

pany, located at Jeffersonville, Indiana. Appellant Fidelity and Columbia Trust Company is the surviving trustee in the mortgage in suit; one Jonas G. Howard, the other trustee, having died prior to the institution of the suit. The other appellees were holders of liens on the same property as described in the mortgage, such liens being created by mortgages or judgments against the Sweeney company.

It is averred in the complaint that such liens are subsequent in time and inferior in equity to the mortgage sued on. Appellant Fidelity and Columbia Trust Company of Louisville, Kentucky, as aforesaid, is the trustee in said mortgage, and appellee First National Bank of Louisville, Kentucky, is the holder of all of the bonds secured by such mortgage.

The only question presented in this action is whether appellant First National Bank is a proper party plaintiff in this case, and this question was raised by demurrer to the complaint by appellee Fletcher Savings and Trust Company, the trustee for the Home Bond Company, such demurrer being for want of facts to constitute a cause of action, with memorandum that the First National Bank was not one of the trustees for the holders of the bonds and therefore improperly joined as a party plaintiff; that the mortgage confers upon the plaintiff trustee the right to bring the action to foreclose, but it does not confer such right upon the bondholder, and therefore the complaint states no cause of action in favor of the bank, and such bank is therefore improperly joined as plaintiff; that his complaint states no cause of action in favor of one of the plaintiffs. The demurrer was sustained and, appellants refusing to plead further, judgment was rendered against them on demurrer. The only question presented by this appeal is the error of the court in sustaining such demurrer.

It is provided in §251 Burns 1914, §251 R. S.

1881, that every action must be prosecuted in the name of the real party in interest, except as otherwise provided in the next section. The next section, being §252 Burns 1914, §252 R. S. 1881, provides that the trustee of an express trust or a person expressly authorized by statute may sue without joining with him the person for whose benefit the action is prosecuted. It will be observed that this last section of the statute provides that the trustee *may sue* without joining the person for whose benefit the action is prosecuted, and it does not provide that he *shall* so sue.

It is averred in the complaint that the appellant First National Bank owned all of the bonds secured by the mortgage, and for the purposes of the demurrer this fact is admitted. Such being the case, it is apparent that such appellant has a vital interest in the result of this suit. While under the statute quoted the trustee might have maintained his action without joining the *cestui que trust* as a party plaintiff, it should need no authority to establish the proposition that in a case such as the one at bar a *cestui que trust* was a proper party.

The case of *Lilly* v. *Dunn, Admr.* (1884), 96 Ind. 220, is in point and seems to settle the question. The action in that case was by an administrator and it was held—quoting Hill, Trustees §545, and Perry, Trusts §§328, 520—that an administrator is a trustee of the personal estate, and it is the duty of the trustee to protect and defend the title to the trust estate. As the legal title is in him, he alone can sue and be sued in a court of law concerning the estate in his hands as trustee. But it was further held—citing the same section of Hill, *supra*, and §§873, 874, 881 Perry, Trusts—that in equity, however, a different rule prevails. Trustees and *cestui que trust* are the owners of the whole interest in the trust estate, and therefore, in suits in equity relating to the estate by or against strangers, both the trustee and the

*cestui que trust* must be or at least generally ought to be, parties representing that interest.

Section 249 Burns 1914, §249 R. S. 1881, provides that there shall be no distinction in the practice between actions at law and suits in equity, and that there shall be but one form of action for the enforcement or protection of private rights, which action is denominated a civil action. But it will be observed that the section of the statute referred to does not pretend to abridge the powers of the court, nor affect the rights of the parties in any way, or the remedies formerly given for the violation of such rights, further than to change in some instances the means by which the remedy may be obtained. In harmony with the equitable principles above quoted, we hold that appellant First National Bank was a proper party plaintiff. The demurrer to the complaint should have been overruled.

The judgment is reversed, with instructions to the trial court to overrule the demurrer to the complaint, and for further proceedings.