## DAVIS AND HOLMES LAND COMPANY ET AL. *v.* FIRST NATIONAL BANK OF GARY ET AL.

[No. 12,530. Filed July 2, 1926.]

1. PARTIES.—*Bank holding title to lots as trustee to convey held proper joint plaintiff with another bank holding sales contracts in foreclosure of deeds as mortgages.*—Under the provisions of §270 Burns 1926, a bank holding the legal title to numerous lots as a trustee to convey them to purchasers when paid for *held* properly joined as a plaintiff with another bank holding sales contracts for said lots as collateral security for the payment of notes sued on, where the foreclosure of the trust deeds as mortgages was prayed in the complaint. p. 163.

2. APPEAL.—*Admission in evidence of guaranty contract of indorsers of promissory notes held harmless where they had notice of nonpayment and demand for payment had been made.*— In an action against the indorsers of promissory notes, the admission in evidence of a contract of guaranty, which they claimed was written above their signatures without their knowledge or consent, was harmless error where the evidence showed that they had notice of nonpayment and that demand for payment had been made, as their liability as indorsers would be equally as great as it would be under the alleged guaranty. p. 164.

3. BILLS AND NOTES.—Indorsers' liability is less than that of guarantors only in that former are entitled to demand for payment and notice of nonpayment. p. 164.

From Lake Circuit Court; *Frank B. Pattee,* Special Judge.

Action by the First National Bank of Gary and another against the Davis and Holmes Land Company and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.* By the court in banc.

*Otto J. Bruce* and *Foster Bruce,* for appellants.
*George P. Rose,* for appellee.

REMY, J.—Suit by appellees First National Bank of Gary and the Gary Trust and Savings Bank, as trustee,

162    APPELLATE COURT OF INDIANA,

Davis, etc., Land Co. *v.* First Nat. Bank—85 Ind. App. 161.

against appellants Davis and Holmes Land Company, Hoy D. Davis and C. Oliver Holmes. The suit is against the land company as maker, and against the other appellants as guarantors, of two certain promissory notes payable to appellee First National Bank of Gary. It is averred in the complaint, in substance, among other things, that appellant land company had sold to divers persons many lots and tracts of land, consideration to be paid in monthly installments, title in each instance not to be transferred to vendee until a fixed part of the consideration had been paid; that these real estate contracts were assigned by appellant land company to appellee First National Bank of Gary as collateral security for the payment of the notes in suit; that at a time before the contracts for the sale of these lots were fully executed, appellant land company by warranty deeds conveyed the legal title of the lots to appellee Gary Trust and Savings Bank, to hold the same as trustee, and as such trustee, and as directed by the First National Bank of Gary, to make conveyances of the lots to the purchasers as they were paid for. Prayer of the complaint is that the trust deeds be declared mortgages and as such foreclosed, and that the lots and parcels of land covered by the contracts be ordered sold and the proceeds applied to the payment of the amount of the notes and attorneys' fees, and if insufficient for that purpose, that plaintiffs have personal judgment against defendants for the portion remaining unpaid.

A demurrer to the complaint having been overruled, appellants filed answer in four paragraphs: (1) Denial; (2) payment before suit; (3) payment after suit; and (4) plea of *non est factum* as to guaranty.

The facts substantially as alleged in the complaint were found specially, and the court stated thereon its conclusions of law.

Judgment was rendered for the full amount of the

notes, and for attorney's fees, and it was decreed that the executory contracts of sale held as collateral be sold and the proceeds applied on the debt due the bank from the defendants; that the purchasers at such sale succeed to the rights of defendants in the real estate covered by the contracts; that the sale be without right of exemption, and that if the proceeds should be found insufficient to pay the debt, the First National Bank of Gary was given a personal judgment against the defendants for the amount of such insufficiency.

Errors assigned are: (1) Overruling demurrer to complaint; (2) court's conclusions of law; and (3) overruling motion for new trial. The motion for new trial questions sufficiency of the evidence and the action of the court in admitting in evidence the guaranty contract.

These formal assignments of error present three major contentions of appellants. The first, which was presented by the demurrer to the complaint, is

1. that the Gary Trust and Savings Bank was not a proper party plaintiff; that no facts are alleged in the complaint sufficient to state a cause of action in its favor; that if a party at all, the trust company should have been made a party defendant, and not a party plaintiff. We do not concur in that view. The Gary Trust and Savings Bank was the trustee of an express trust. It had the legal title to the land in question under declarations of trust executed by appellants. Its duty was to make conveyances of the lots as directed by appellee First National Bank of Gary. Now, under the judgment, it will become the duty of the Gary Trust and Savings Bank as trustee to make conveyances of the lots to vendees under the contracts ordered sold. The judgment in the case at bar directly affects the execution of the trust. It was absolutely necessary that it be before the court. In fact no effective order could have been made in this suit without the court's juris-

164    APPELLATE COURT OF INDIANA,

Davis, etc., Land Co. *v.* First Nat. Bank—85 Ind. App. 161.

diction over it.   The joining of the trustee as plaintiff is authorized by §19 of the Code of Civil Procedure (§270 Burns 1926) which provides:   "All persons having an interest in the subject matter of the action, and in obtaining the relief demanded shall be joined as plaintiffs, except as otherwise provided in this act."

The exception has no application here.   Certainly the trust company, the holder of the legal title of the lots in question, had an interest in the subject-matter, and in the relief demanded which had to do with the duty of the trust company in the execution of the trust.   See, *Fidelity, etc., Co.* v. *M. A. Sweeney, etc., Co.* (1920), 74 Ind. App. 494, 129 N. E. 252.

The second contention of appellants is that the court improperly admitted in evidence the guaranty purporting to have been signed by appellants Davis and 2, 3.   Holmes, each in his individual capacity.   On the back of each of the notes in suit, and over the signatures, appeared the following:   "For value received, I hereby guarantee the payment of the within note, and consent to any extension of time of payment or any renewal hereof; and hereby waive presentment for payment, demand, protest, and notice of protest and nonpayment of this note."

Appellants denied the execution of the guaranty, and filed an answer in the form of a plea of *non est factum*. On the trial, however, each as a witness in his own behalf admitted signing his name on the back of each of the notes in suit, but testified that the contract of guaranty had been written above their signatures by someone else, and without their knowledge or consent. There was no question as to the genuineness of the signatures.   The sole question was whether at the time they signed, the contract of guaranty was present.   Appellants having admitted an indorsement of the notes

in blank, their liability as such indorsers would be less than that of guarantors, only in this: As guarantors they would be liable without notice of payment, while as indorsers they would be entitled to notice of nonpayment, and demand for the same. The evidence affirmatively shows that they had notice of nonpayment and that a demand was made. Therefore their liability was fixed and was just as great as it would have been under the contract of guaranty if it had been genuine. Appellants could not have been harmed by the admission in evidence of the guaranty.

The remaining question is as to the sufficiency of the evidence to sustain the pleas of payment. No good purpose would be served by a discussion of the evidence. It is sufficient to say that there is competent evidence to sustain the finding of the trial court.

We find no reversible error. Affirmed.