Edger *v.* The Board of Commissioners of Randolph County.

---

## EDGER *v.* THE BOARD OF COMMISSIONERS OF RANDOLPH COUNTY.

FEES AND SALARIES.—*Act of 1879 Construed.—County Auditor.*—Under section 22 of the fee and salary act of March 31st, 1879, Acts 1879, p. 137, the auditor of each county in this State is entitled to receive annually, regardless of the population of his county, " twelve hundred dollars * for his services," and " one hundred dollars * for making * reports * to the Auditor of State."

SAME —*Compensation Graded on Population.*—Under that part of such section regulating his compensation when the population of his county exceeds fifteen thousand, he is entitled to receive the additional sum of one

hundred and twenty-five dollars for each one thousand inhabitants in excess of fifteen thousand up to twenty thousand, and to one hundred dollars, only, for each one thousand in excess of twenty thousand.

SAME.—*Intent of Legislature as shown by Journals.*—The respective journals of the Senate and House of Representatives, containing the proceedings in reference to a bill enacted into a statute, may be looked to by the courts to ascertain the intention of the Legislature in enacting such a statute, if it be ambiguous.

From the Randolph Circuit Court.

*C. Baker, T. A. Hendricks, O. B. Hord, A. W. Hendricks,* —— *Engle* and —— *Study,* for appellant.

*A. C. Harris, W. A. Thompson, A. O. Marsh* and *J. W. Thompson,* for appellee.

HOWK, J.—At the December term, 1879, of the Board of Commissioners of Randolph County, the appellant, George N. Edger, then and before that time the auditor of said county, presented to said board, for allowance and payment, an account or claim in his favor and against said county, in the words and figures following, to wit:

"Randolph County,          To George N. Edger,    Dr.
" 1879.   To salary as auditor of county, for the
     quarter ending November 30th, 1879:
" One-quarter of $1200, per annum, 'salary,'     $300.00
" One-quarter of 7,000 inhabitants at $125 per 1,000,   218.75
"One-quarter of 2,000 inhabitants at $100 per 1,000,    50.00
" One-quarter of $100 per annum, for making
     reports,                                      25.00
                                              ————
                                          " $593.75."

Upon the presentation and examination of the foregoing claim or account, the board of commissioners, being advised in the premises, ordered and directed that said George N. Edger be allowed thereon five hundred and thirty-one dollars and twenty-five cents, from which order and allowance the said Edger duly appealed to the circuit court of said county.

On such appeal, the cause was tried by the court, and a

finding was made for the appellant, for precisely the same sum which the county board had allowed him.    His motion for a new trial having been overruled, and his exception entered to this ruling, the court rendered judgment upon and in accordance with its finding; and from this judgment this appeal is now here prosecuted.

In this court, the only error assigned by the appellant is the overruling of his motion for a new trial, and in this motion the only causes assigned for such new trial were as follows:

1. Error of the court, in the assessment of the appellant's damages, in that it did not give him judgment for the full amount of his claim;

2. The finding of the court was not sustained by sufficient evidence;

3. The finding of the court was contrary to law; and,

4. Error of law occurring at the trial and excepted to by the appellant.

The only question presented for the decision of this court, by the record of this cause and the appellant's assignment of error thereon, may be thus stated: What salary or compensation was the appellant, as the auditor of Randolph county, lawfully entitled to, for and during the period of time covered by his account or claim therefor, in suit in this action? The proper answer to this question depends upon the construction which must be given to section 22 of the fee and salary act of March 31st, 1879. Acts 1879, p. 137. This section reads as follows:

"Sec. 22. The auditor of each county shall be allowed the sum of twelve hundred dollars per year for his services, and no more, except as provided for in this act.

"When the population of his county exceeds fifteen thousand, as shown by the last preceding census taken by the United States, the additional sum of one hundred and

twenty-five dollars for each one thousand inhabitants in excess of fifteen thousand shall be allowed said auditor in addition to his salary of twelve hundred dollars, and if the population of said county shall be more than twenty thousand said auditor shall be allowed the additional sum of one hundred dollars for each one thousand inhabitants in excess of twenty thousand in said county.

"Each auditor shall be allowed one hundred dollars per year for making all reports, required by law, to the Auditor of State. Such allowance shall be made in quarterly instalments by the board of county commissioners during their regular sessions in March, June, September and December, and paid out of any county revenue of such county not otherwise appropriated; but payment shall not be made in advance of services rendered."

The record contains the following admission: "It is admitted by the plaintiff and the defendant, in open court, on the trial of this cause, that the last census taken by the United States shows that the population of Randolph county, State of Indiana, was twenty-two thousand eight hundred (22,800), and the proof of said facts by the record is waived by the parties."

Under this section 22 of the fee and salary act, as above set out, it will be seen that the first provision made therein is, that "The auditor of each county shall be allowed the sum of twelve hundred dollars per year for his services." This provision applies to each and every county in the State, without regard to the population of the county. The first item in the appellant's account, in suit in this case, was made out under this first provision of section 22, and was a correct charge in the appellant's favor, against the appellee.

It is also provided in said section, that "Each auditor shall be allowed one hundred dollars per year for mak-

ing all reports required by law, to the Auditor of State."
This provision, also, is applicable to every county in the
State, without regard to population. It is evident that the
last item in the appellant's account was for services rendered
by him under the provision last quoted, and was a proper
charge against the appellee.

But this section 22 further provides for an increased
or enlarged salary or compensation to the county
auditor, the amount of which is made entirely de-
pendent upon the population of his county, " as shown
by the last preceding census taken by the United States."
Thus, it is provided that when the population of the
auditor's county, as shown by such census, exceeds fifteen
thousand, " the additional sum of one hundred and
twenty-five dollars for each one thousand inhabitants in
excess of fifteen thousand shall be allowed said auditor in
addition to his salary of twelve hundred dollars, and if
the population of said county shall be more than twenty
thousand said auditor shall be allowed the additional sum
of one hundred dollars for each one thousand inhabi-
tants in excess of twenty thousand in said county."

This suit evidently had its origin in a difference of opin-
ion between the parties thereto, in regard to the proper
construction of the provision or provisions, last quoted,
of said section 22 of the statute, and in regard to the
amount of the additional sum or sums which the appel-
lant, as the auditor of said Randolph county, would be
justly entitled to, under the said statutory provisions, by
reason of the admitted fact that the population of said
county, as shown by the last preceding census of the
United States, exceeded fifteen thousand to the number of
seven thousand eight hundred (7,800) inhabitants. It is
conceded by the appellant's counsel, in their elaborate brief
of this cause, that at least three different constructions
of these statutory provisions are possible, or have been

claimed therefor; and it is stated as a fact, in the close of their argument, that, of these different constructions, at least two, widely differing one from the other, have been and are now acted upon in the several counties of this State, to which, by reason of their population, these provisions apply, in determining the salary or compensation of their respective county auditors. These two constructions are all that need be noticed, in this opinion; and of these it may be said that one is claimed by its advocates to be supported by the exact letter of the statutory provisions last quoted, while the friends of the other construction insist that it is fully sustained by what may be reasonably regarded as the true intent, meaning and purpose of the Legislature, in the enactment of those provisions.

Under the first of these two constructions, it is claimed by those who advocate it, and by the appellant and his learned counsel, in the case at bar, that in the counties of this State, such as Randolph county, whose population, as shown by the last preceding census taken by the United States, was more than twenty thousand, the auditor of each such county should be allowed, in addition to his fixed salary of twelve hundred dollars per year, the sum of one hundred and twenty-five dollars for each one thousand inhabitants in excess of fifteen thousand, without limitation as to the number of thousands, and the additional sum of one hundred dollars for each one thousand inhabitants in excess of twenty thousand, if the population of the county should be more than twenty thousand. In other words, it is claimed that, in each county of the State whose population, as shown by the last preceding census of the United States, shall exceed twenty thousand, the auditor of such county shall be allowed, under and by force of these statutory provisions combined, in addition to his said fixed salary of twelve hundred dollars per year, the aggregate

sum of two hundred and twenty-five dollars for each one thousand inhabitants in excess of twenty thousand in said county. There is nothing more certain, we think, in the history of legislation, than this, that the General Assembly of this State never intended, in enacting the fee and salary law of March 31st, 1879, that the auditor of the county whose population should be more than twenty thousand should be allowed such aggregate sum of two hundred and twenty-five dollars for each one thousand inhabitants in excess of twenty thousand, in his county, in addition to his fixed salary of twelve hundred dollars per year.

It is clear to our minds, that, in the enactment of section 22, above quoted, of the fee and salary act of March 31st, 1877, the Legislature intended to provide as follows:

1. The auditor of each county, without regard to its population, shall be allowed for his services a fixed salary of twelve hundred dollars per year;

2. When, however, the population of the auditor's county exceeds fifteen thousand, as shown by the last preceding census taken by the United States, such auditor shall be allowed, in addition to his fixed salary of twelve hundred dollars, the sum of one hundred and twenty-five dollars for each one thousand inhabitants, in excess of fifteen thousand and not in excess of twenty thousand; and,

3. If the population of the auditor's county shall be more than twenty thousand, such auditor shall be allowed the additional sum of one hundred dollars for each one thousand inhabitants in excess of twenty thousand, in such county.

This, we think, is a fair construction of the doubtful provisions of said section 22, above quoted, of the fee and salary act of March 31st, 1879; and it is very certain, that this construction is in perfect harmony with the legislative purpose and intention, in the enactment of those provi-

sions. That this is so, is clearly shown by the history of the act, while it was on its passage by the last General Assembly of this State, as such history is found in the journals respectively of both the Senate and House of Representatives. It is true, as suggested by the appellant's counsel, that, where a statute has been authenticated by the signatures of the presiding offcers of the two legislative houses, this court has decided that it would not search further to ascertain whether such facts existed as would, under the constitution, authorize those officers to authenticate the act in such manner as to give it the force of law ; that the authentication of the presiding officers of the Legislature is conclusive evidence of the proper enactment of a law ; and that the courts cannot look elsewhere to falsify it. *Evans* v. *Browne,* 30 Ind. 514. But it has never been held by this court, that for the purpose of construction or interpretation, and with the view of ascertaining the legislative will and intention in the enactment of a law, the courts may not properly resort to the journals of the two legislative bodies to learn therefrom the history of the law in question, from its first introduction as a bill until its final passage and approval. Where, as in this case, a statute has been enacted, which is susceptible of several widely differing constructions, we know of no better means for ascertaining the will and intention of the Legislature, than that which is afforded, in this case, by the history of the statute, as found in the journals of the two legislative bodies. This method of construction, or rather of interpretation, was adopted by this court in the comparatively recent case of *The Walter A. Wood Mowing, etc., Co.* v. *Caldwell,* 54 Ind. 270, for the purpose of ascertaining and determining the will and intention of the Legislature, in the enactment of some of the sections of "An act respecting foreign corporations and their agents in this State," approved June 17th, 1852. 1 R. S. 1876, p. 373.

' In the case now before us, it is manifest that both the county board and the circuit court allowed the appellant, for his services as auditor of Randolph county, on account of the excess of its population over fifteen thousand and not in excess of twenty thousand, at the rate of one hundred and twenty-five dollars per year for each one thousand inhabitants of such excess, and on account of the excess of the county's population over twenty thousand at the rate of one hundred dollars per year, and no more, for each one thousand inhabitants of such excess. These allowances are in exact accordance with our construction of the provisions of the statute, in this opinion, and they were right.

The court did not err, we think, in overruling the appellant's motion for a new trial.

The judgment is affirmed, at the appellant's costs.

Petition for a rehearing overruled.