## IN RE CONDEMNATION OF LAND.

## FLORA A. HOBART v. CITY OF MINNEAPOLIS AND ANOTHER.[1]

February 15, 1918.

No. 20,751.

**Eminent domain — condemnation for park outside defendant city.**

1. The board of park commissioners of the city of Minneapolis under the authority conferred by chapter 30, Sp. Laws 1889, may condemn for park purposes a tract of land adjoining another tract lying partly within and partly without the municipal limits, theretofore acquired by the city for the same purpose, the two tracts forming one compact whole, though the tract so sought to be taken is outside of and beyond the city limits and not contiguous to the boundary line thereof.

**Same — statute — land "adjacent."**

2. The land so taken and condemned will in that situation be "adjacent" to the city within the meaning of the statute.

**Same — special act not affected by later statute.**

3. The general statutes of the state upon the subject of eminent domain and the proceedings thereunder, subsequently enacted, *held* not a modification nor an amendment of the special act above cited, and such general statutes are inapplicable to proceedings had thereunder.

**Same — presumption.**

4. Proceedings before a legislative body authorized by statute to take and condemn private property for a public use, in the absence of some showing to the contrary, will be presumed by the courts to have been in compliance with the requirements of the law authorizing the same.

Flora A. Hobart appeared specially and filed objections to a resolution of the board of park commissioners of the city of Minneapolis designating certain land for park purposes and appointing appraisers to award. damages for the taking of private property, on the ground that the board had no jurisdiction in the premises, the land being outside the city and not adjacent to the city boundaries. From the order of the board con-

[1]Reported in 166 N. W. 411.

firming the report and award of the appraisers, the objector appealed to the district court for Hennepin county where the matter was heard before Fish, J., who made findings and overruled the objections except as to the amount of the award, and appointed three disinterested persons to reassess the damages. The latter appraisers made an award of $31,000, which was approved by the court. From the order confirming the award of the commissioners, Flora A. Hobart appealed. Affirmed.

*C. A. Pidgeon* and *Andrew Fawcett,* for appellant.

*James D. Shearer,* for respondent.

BROWN, C. J.

In proceedings by the board of park commissioners of the city of Minneapolis, initiated and conducted under the provisions of chapter 30, p. 560, Sp. Laws 1889, for the condemnation of certain land for park purposes there was a final order by the park commissioners, made and entered as provided for by the statute, confirming the taking of the land and the assessment of $28,000 as damages therefor. Appellant herein, the owner of the land, being dissatisfied with the action of the board because of certain alleged irregularities in the proceedings, and because of the alleged inadequacy of the damages awarded by the appraisers, appealed to the district court in the manner provided by the statute. Upon a hearing in that court all objections to the regularity of the proceedings were overruled and an order entered appointing three disinterested persons to reassess the damages. The appraisers so appointed after full hearing in the premises duly reported an assessment of $31,000, an increase of $3,000 over the amount given by the first assessment. Thereafter and in the due course of procedure the court made its final order confirming the order of the park board and the increased award of damages. That order is brought to this court for review by an appeal and also a writ of certiorari.

It is the contention of appellant that the park board has no authority or jurisdiction to take or appropriate the land in question for park purposes either under chapter 30, supra, or any other statute of the state, for the reasons: (1) That the land is wholly outside the boundary limits of the city, and not adjacent to lands within such limits which are devoted to park purposes; and (2) that the tract contains more than 40 acres

139 M.—24

and therefore is not within the authority conferred by the statute controlling the board in such proceedings.

The purpose in condemning the particular land was to enlarge and extend Glenwood Park as theretofore laid out and established by the park board. That park is composed of a single and compact tract of land lying partly within and partly without the boundaries of the city, and is connected with and forms a part of the general municipal parkway system of Minneapolis. The land in question is immediately contiguous and adjacent to the lands of that park, but does not border on or connect with the boundary line of the city limits.

The statute under which the proceedings were conducted, and which the park board contends confers the right to condemn the particular land, namely, chapter 30, supra, by sections 2 and 3 thereof, provides that the park board shall have the authority to devise and maintain parks and parkways "in and adjacent to the city of Minneapolis; and from time to time add thereto; to designate lands and grounds to be used and appropriated for such purposes," and to acquire title thereto by "gift, purchase or condemnation."

The authority thus granted is clear and specific. The legislature contemplated that, in the formation of the parks and parkways, situations might arise where it would be necessary to a well devised and orderly arranged park that the boundaries thereof be extended beyond the municipal limits, and to that end conferred upon the park board the power to include therein land adjacent to such limits. The authority is not to be construed in a way to destroy the purpose the legislature had in mind, nor to restrict the adjacent land to that which lies immediately contiguous to the city boundary. The necessary effect of an exercise of the authority so granted, and the addition of the outside land to an existing park is the extension of the municipal limits so as to include the added territory. The power of the legislature to grant such power to municipal corporations is clear, and the authorities sustain an exercise thereof even where the added land does not adjoin the municipal boundary. The word "adjacent" used in, such statutes as descriptive of what lands may be so added to a municipality is given substantial and broad construction, and is not limited to its primary meaning as defined by the lexicographers. The City of Emporia v. Smith,

42 Kan. 433, 22 Pac. 616; Gorham v. Springfield, 21 Me. 59; Powers v. Comrs. of Wood County, 8 Oh. St. 285; Blanchard v. Bissell, 11 Oh. St. 96; Vogel v. Little Rock, 54 Ark. 335, 15 S. W. 891, 16 S. W. 291, 11 L.R.A. 778; In re Borough of Camp Hill, 142 Pa. St. 511, 21 Atl. 978; 28 Cyc. 184. It is not necessary to justify annexation in a particular case that the tract of land sought to be added to an existing park should immediately adjoin the municipal boundary. It is sufficient that the particular tract adjoins and is contiguous to another tract previously added to the city, so that the whole shall constitute one continuous and united territory. Catterlin v. City of Frankfort, 87 Ind. 45; Hurla v. Kansas City, 46 Kan. 738, 27 Pac. 143; Huff v. City of Lafayette, 108 Ind. 14, 8 N. E. 701. In the case at bar the tract in question adjoins Glenwood Park and taken together the two form a connected tract of land partly within and partly without the original boundary line of the city. We therefore hold that the park board had jurisdiction to condemn the same for the purposes stated.

The contention that the park board had no jurisdiction to condemn the land because it exceeds and contains more than 40 acres is not sustained. The point is based entirely upon the theory that the park board in proceedings for the condemnation of lands for park purposes is controlled by the general statutes relating to the same subject, and enacted subsequent to chapter 30, and which appellant claims modify the same in respect to the quantity of land that may be taken in such proceedings. Chapter 30 is a special law applicable only in the city of Minneapolis. It was the intention of the legislature in its enactment that it should stand as the authority for the condemnation of lands for public use in that city until thereafter expressly modified or repealed. Section 17 thereof provides that "no law of the state contravening the provisions of this act shall be considered as repealing, amending or modifying the same, unless such purpose be expressly set forth in such law." There has never been, so far as we are advised, any express repeal or modification of the act, and we follow and apply the rule stated in State v. Peter, 101 Minn. 462, 112 N. W. 866, and hold that the special act remains unaffected by the subsequent general statutes upon the same subject matter. The limitations as to the quantity of land to be taken in such proceedings as fixed by such general laws do not therefore apply.

2. The points made by appellant as to the regularity of the proceedings do not require special discussion. If there were any defects in the various steps taken and required by law to be taken upon the subject of the appraisement of damages, in the appointment of appraisers, or otherwise, the burden was upon appellant to point them out, and establish by proper showing that they in fact existed and were fatal to the proceeding. Subdivision 11, section 3, chapter 30, supra; Northwestern Tel. Exch. Co. v. Chicago, M. & St. P. Ry. Co. 76 Minn. 334, 79 N. W. 315; Knoblauch v. City of Minneapolis, 56 Minn. 321, 57 N. W. 928. In the absence of a showing to the contrary, or the affirmative appearance of a defect on the face of the record, the court will, under the rule of the Knoblauch case, presume that proceedings of this kind were in all respects in conformity with the requirements of the statutes authorizing them.

If it be conceded that this court in proceedings of this kind, in the absence of statute, may review the assessment of damages in the manner here attempted, a doubtful proposition, we discover no reason for interference in this case.

This covers the case and all that need be said in disposing of the point made. We discover no error and the order under review must be and is affirmed.