## CITY OF NEW ALBANY *v.* LEMON ET AL.

[No. 24,275.   Filed November 5, 1925.   Rehearing denied June 15, 1926.]

1. STATUTES.—*Courts may resort to the journals of the House and Senate to ascertain legislative intent.*—The courts may resort to the journals of the House and Senate as an aid in the interpretation of a law with the view of ascertaining the legislative intent in passing it.   p. 133.

2. STATUTES.—*Statutes in pari materia.*—Statutes relative to the same subject-matter, passed at the same session of the Legislature, and taking effect at the same time, must be construed together as parts of one body of laws, and as together expressing the legislative will, if it be possible to reconcile them on any basis whereby both may be given effect.   p. 133.

3. STATUTES.—*When specific provisions of a limited act control provisions of a general act.*—Where specific provisions of one act, having special reference to a limited and definite part of the subject-matter of a general act passed at the same time purporting to cover the entire subject, are inconsistent with provisions of such general act, the specific provisions of the act which covers only a part of such subject will control.   p. 134.

4. STATUTES.—*Statute amending Municipal Corporations Act controlled the procedure in appeals from assessments instead of later act of the same session.*—Since the amendment to §111 of the Municipal Corporations Act of 1905 made in 1919 (Acts 1919 p. 625) applied only to appeals from assessments for municipal improvements and another act of the same session embraced all appeals from boards of public works and park commissioners, the former controlled within its sphere, and an appeal from assessments for a street improvement could only be taken under its provisions (§8716 Burns' Supp. 1921).   p. 135.

5. MUNICIPAL CORPORATIONS.—*Statutory requirements in taking appeal from assessment roll must be complied with to confer jurisdiction on courts.*—The right of appeal from an order of the board of public works approving an assessment roll for a public improvement is statutory, and no jurisdiction is conferred on the court to which an appeal is taken unless the requirements of the statute as to taking and perfecting appeals are complied with.   p. 135.

6. APPEAL.—*Filing of bond within time specified in statute authorizing appeal is jurisdictional, and acceptance of bond at later date confers no jurisdiction.*—Where an appeal is authorized on the filing of a bond within a limited time and the

doing of certain other acts, the filing of the bond within such time is jurisdictional, and the acceptance of a bond at a later date will not confer jurisdiction on the court to which an appeal is taken.   p. 135.

7.   APPEAL.—*If appeal bond is not filed in time, court to which appeal was taken cannot authorize the filing of a bond at a subsequent date.*—If an appeal bond is not filed within the time specified in the statute authorizing the appeal, nothing else that may be done toward perfecting the appeal will give the court to which the appeal is taken ·power to acquire jurisdiction by accepting a bond subsequently offered for filing. p. 135.

8.   INJUNCTION.—*Injunction lies to prevent the enforcement of a judgment rendered by court without jurisdiction where no appeal can be taken from such judgment.*—Where a judgment was rendered by a court having no jurisdiction and the statute under which the court assumed to act provided that no appeal should lie from a judgment rendered in a proceeding thereunder, a suit to enjoin the enforcement of the judgment could be maintained by a judgment defendant.   p. 136.

9.   STATUTES.—*Rule that where later statute re-enacts an earlier one which has been qualified or limited by an intermediate act, the latter is not repealed, is not applicable to two acts going into effect at same time.*—The rule that where a later statute merely re-enacts the provisions of an earlier one, it does not repeal an intermediate act which has qualified or limited the earlier one, but such intermediate act will be deemed to remain in force and to qualify or modify the new act in the same manner as it did the first, was not applicable to the two acts of 1919 relative to taking appeals from boards of public works (Acts 1919 p. 625, §8716 Burns' Supp. 1921, Acts 1919 p. 635, §10344 Burns 1926), as both laws took effect at the same time.   p. 137.

From Floyd Circuit Court; *James W. Fortune,* Special Judge.

Suit by the city of New Albany against William C. Lemon and others.   From a judgment for defendants, the plaintiff appeals.   *Reversed.*

*Charles R. Turner, Charles L. Jewett* and *Walter V. Bulleit,* for appellant.

*Evan B. Stotsenburg, John H. Weathers* and *Sherman Minton,* for appellees.

City of New Albany *v.* Lemon—198 Ind. 127.

EWBANK, J.—Appellant sued to vacate and enjoin the enforcement of a judgment which purported to reduce the amount of certain assessments of benefits for the cost of improving Spring street, in the city of New Albany, as made and confirmed by a committee of the common council, acting as a board of public works and also purported to give the contractor who built the street a judgment against the appellant city for the amount in which the assessments were so reduced. The contractor and the owners of certain lots assessed for the construction of the street, whose assessments the court ordered to be reduced, were named as defendants. Over an objection and exception by appellant, parts of the complaint were struck out on motion of appellees, who then demurred to the complaint for the alleged reason that it did not state facts sufficient to constitute a cause of action. The demurrers were sustained, and, upon appellant's refusal to plead over or amend, judgment was rendered that it recover nothing, whereupon, it perfected an appeal.

As modified by the order striking out certain words and sentences, the complaint alleged, in substance, that plaintiff (appellant) is a city of the third class, and has no board of public works, but has and at all times had created a committee of the common council, and author- ized it to perform the duties of such a board; that on June 24, 1920, said committee, so acting as the board of public works, adopted a declaratory resolution for the improvement of Spring street in said city, from Silver street to Beharrel avenue, and adopted and placed on file details, drawings, plans and specifications, published a notice, had a public hearing, confirmed said resolution, received bids, let a contract for such improvements, caused the work to be done and duly accepted it as completed, all as provided by law, recit-

ing specifically the acts that were so done; that said committee thereupon made and adopted a final estimate of the total cost, and made an assessment roll, assessing against each abutting lot its *pro rata* share of the cost (except for street and alley intersections) in proportion to frontage, one-half against the lots abutting upon the north side of Spring street and the other half against those on the south side, that the several assessments thus made against lands of the respective defendants (appellees) were in amounts as stated; that after giving notice thereof as required by law, said committee, acting as a board of public works, met for the purpose of making a final assessment for the cost of said improvement against the property thereby benefited, when each of the defendants appeared and filed with the committee a remonstrance in writing against the assessment of benefits against his or her respective property in the amount stated in the preliminary assessment roll; that all of said remonstrances were overruled, and thereupon said committee, so acting, on June 23, 1921, made, adopted and filed with the finance department of said city a final assessment roll for the improvement of said street, by which the several properties of the different defendants were assessed at amounts as stated, in a total sum exceeding $10,000; that these assessments covered the cost of improving the street opposite the properties assessed, but did not include any part of the cost of paving street intersections; that the work of the improvement had been honestly and thoroughly done by the contractor and all the acts, proceedings and doings of said committee of the common council were in strict conformity to law, and the amount of each assessment was duly certified to the county treasurer for collection or the receipt of waivers of objections, and promises to pay by installments; that none of these defendants took an appeal

therefrom to the circuit court of Floyd county, in conformity with the provisions of ch. 140, Acts 1919 p. 625 (§8716 Burns' Supp. 1921), "by filing his verified petition with such court of said county, and giving bond conditioned to pay the costs of such appeal, should the appeal be determined against him * * * within ten days after the final order of the board or council approving said assessments"; but that, all of them, jointly, attempted to take an appeal to said court under the provisions of ch. 143, Acts 1919 p. 635 (§§8699a-8699g Burns' Supp. 1921), and, for that purpose, filed in the said Floyd Circuit Court an unverified complaint, on July 7, 1921 (being fourteen days after the final order was made), but did not file any bond until January 3, 1922 (being more than six months after it was made) ; that upon the filing of such unverified complaint, the clerk issued a summons for this plaintiff, which was served upon it, and that plaintiff, in obedience thereto, appeared before the judge of the Floyd Circuit Court and moved to dismiss the proceeding for lack of jurisdiction; that thereupon, the judge entertained the motion and continued the cause until January 3, 1922; that on said date, this plaintiff also demurred to the complaint for lack of jurisdiction of the court, but the court, at that time, granted these defendants leave to verify their complaint and to file a bond for costs, to which the plaintiff herein objected and excepted; that thereupon, one of these defendants, William C. Lemon, verified the complaint and filed a cost-bond as and for himself, but none of the others did either; that said judge thereupon heard evidence and found and adjudged that the assessments of benefits against the several properties of these respective defendants should be reduced, as stated, to a total of less than $7,000, and, "that the defendant city of New Albany shall be liable and shall pay to David C. Collins,

the contractor who made said improvement, the amount of the several deductions made herein on the assessments against the property of said several parties * * * (setting them out) making a total sum of $3,257.01"; that such finding and judgment were thereupon entered in the order-book of the Floyd Circuit Court as and for a valid judgment of said court, though the judge thereof had no jurisdiction because of the facts above stated; that in proceedings by way of appeals from such assessments, the city is not given any right of appeal, trial by jury, change of venue, new trial, or any other rights ordinarily allowed the defendant in a civil action, and the city is without any other remedy than by an injunction to prevent the enforcement of said judgment; that enforcement of said judgment will be harmful to plaintiff for reasons as stated; and that David C. Collins is made a party in order that he may assert whatever rights he may have under the pretended judgment.

The sufficiency of this complaint depends upon whether filing an unverified complaint fourteen days after the final order was made approving the assessments, and causing summons to issue as in civil actions, gave the circuit court jurisdiction, under the provisions of ch. 143, Acts 1919, *supra*, or whether the case is controlled by ch. 140, *supra*, which requires a verified petition to be filed within ten days, a bond for costs to be given, and a five days' "notice of the filing thereof, and that the same will be heard by such court at the end of said time" to be given the city by the clerk. Both of the statutes referred to were approved by the Governor on March 14, 1919, and were filed in the office of the secretary of state on that day, and both contained emergency clauses and took effect immediately.

The court may resort to the journals of the two legislative bodies, and read therein the history of these

1. laws, from their first introduction to their final passage, as an aid in their interpretation with a view to ascertaining the legislative intent in passing them. *Edger* v. *Board, etc.* (1880), 70 Ind. 331, 338; *Arnett* v. *State, ex rel.* (1907), 168 Ind. 180, 189, 80 N. E. 153, 8 L. R. A. (N. S.) 1192; 2 Lewis, Sutherland's Stat. Const. (2d ed.) 470. And, by consulting them, we find that the journals of the House and Senate show that both bills were referred to the same committee (on cities and towns) in each branch of the legislature, that each committee reported both bills favorably, and that while the bill (No. 170) which afterward became ch. 140 was passed by the House five days before the one (No. 308) which became ch. 143 (House Journal 1919, pp. 584, 666), it was finally passed in the Senate on March 10, after the other had been finally passed on March 7 (Senate Journal 1919, pp. 719, 779). Neither act contains any direct reference to the other. The Journals also show that the committee on cities and towns in the House received House Bill No. 170 (ch. 140) on January 24, 1919, and reported it favorably on February 5 (H. J. pp. 122, 250), and that it received House Bill No. 308 (ch. 143) on February 6 (being the next day after so reporting), and having prepared a number of amendments, reported it favorably, with such amendments, on February 19, less than two weeks later (H. J. pp. 262, 435). And that the same committee of the Senate received No. 170 on February 28, and reported it favorably the next day, March 1, and received No. 308 on March 5 (being four days after so reporting), and reported it favorably the next day (S. J. pp. 599, 608, 677, 679).

2. The two acts under consideration, having been passed at the same session of the legislature, and having taken effect at the same time, must be construed together, as parts of one body of laws, and

as together expressing the legislative will, if it be possible to reconcile them on any basis whereby both may be given effect. *Holle* v. *Drudge* (1920), 190 Ind. 520, 524, 129 N. E. 229; *Princeton Coal, etc., Co.* v. *Lawrence* (1911), 176 Ind. 469, 477, 95 N. E. 423.

Chapter 140, *supra,* purports to amend "an act concerning municipal corporations," which had been in force many years, by inserting 129 words in a section that relates to making special assessments against abutting property for the cost of street or sewer improvements, being the fifth of fourteen consecutive sections regulating the making of such improvements by order of the board of public works, and the levy and collection of assessments against the property benefited to pay the expense of making them. While ch. 143, *supra,* as stated by the title, is a general act, "concerning appeals from boards of public works and boards of park commissioners of cities, in all matters where appeals are now or may hereafter be allowed by law," the body of the act not being more narrow or specific than the title, but purporting to apply to, "all appeals now allowed, or which may hereafter be allowed by law from any action or decision of the board of public works or the board of park commissioners of any city."

It is an established rule of statutory construction that so far as specific provisions contained in an act having special reference to a limited and definite part of the subject-matter of a general act passed at the same time are inconsistent with provisions of such general act which purport to embrace the entire subject, the specific provisions of the act covering only a. limited part of such subject will control. *Kingan & Co.* v. *Ossam* (1921), 190 Ind. 554, 557; *City of Birmingham* v. *Southern Exp. Co.* (1909), 164 Ala. 529, 51 So. 159; *Lawyer* v. *Carpenter* (1906), 80 Ark. 411, 413, 97 S. W. 662; *State* v. *Jones* (1921),

34 Idaho 83, 86, 199 Pac. 645; *Stephens* v. *Chicago, etc., R. Co.* (1922), 303 Ill. 49, 54, 135 N. E. 68; *Great Western Acc. Ins. Co.* v. *Martin* (1918), 183 Iowa 1009, 1011, 166 N. W. 705; *Edwards* v. *Auditor General* (1910), 161 Mich. 639, 644, 126 N. W. 853; *Hobart* v. *City of Minneapolis* (1918), 139 Minn. 368, 371, 166 N. W. 411; *Reagan* v. *Boyd* (1921), 59 Mont. 453, 461, 197 Pac. 832; *State, ex rel.,* v. *Clarke* (1915), 98 Nebr. 566, 571, 153 N. W. 623; *Parker* v. *Elmira, etc., R. Co.* (1901), 165 N. Y. 274, 279, 59 N. E. 81; *State* v. *Johnson* (1915), 170 N. C. 685, 688, 86 S. E. 788; *State, ex rel.,* v. *Wetz* (1918), 40 N. D. 299, 306, 168 N. W. 835, 5 A. L. R. 731; *Perkins* v. *Bright* (1923), 109 Ohio 14, 17, 141 N. E. 689; *State* v. *Preston.* (1922), 103 Ore. 631, 637, 206 Pac. 304, 23 A. L. R. 414; *Buckley* v. *Holmes* (1917), 259 Pa. 176, 189, 102 Atl. 497; *Salt Lake City* v. *Salt Lake County* (1922), 60 Utah 423, 427, 209 Pac. 207; *School Board* v. *Alexander* (1919), 126 Va. 407, 417, 101 S. E. 349; *State, ex rel.,* v. *Benson* (1920), 111 Wash. 124, 131, 189 Pac. 1000; *State* v. *Snyder* (1920), 172 Wis. 415, 418, 179 N. W. 579; Endlich, Interpretation of Statutes 223, 399; Lewis, Sutherland's Construction of Statutes (2d ed.) 274; 36 Cyc 1151.

Applying this rule to the facts of this case, we find that ch. 143, *supra,* purports to embrace all appeals from any action or decision of the board of public works or park commissioners of any city, while ch. 140, *supra,* applies only to appeals from final orders modifying or confirming assessment rolls levying special benefits to meet the cost of certain kinds of public improvements.    Therefore, the latter must control within its sphere, and in order that appellees might effectually take an appeal to the circuit court, it was necessary to file a verified petition and bond within ten days.    And since the complaint alleged that no pe-

tition whatever was filed until the fourteenth day, and that no bond was filed until six months had elapsed, it stated facts showing that the circuit court never acquired jurisdiction by way of an appeal from the action of the board of public works. The right of appeal in such a case as this is statutory, and the court to which an appeal is taken cannot obtain jurisdiction by virtue of such appeal unless the requirements of the statute as to taking and perfecting appeals are complied with. *Amacher* v. *Johnson* (1910), 174 Ind. 249, 253, 91 N. E. 928; *Hall* v. *Kincaid* (1917), 64 Ind. App. 103, 116, 115 N. E. 361. And where the statute grants an appeal to the circuit court upon filing a bond within a limited time, and doing certain other acts, filing the bond within the time allowed is jurisdictional, and unless a bond is so filed, the court cannot acquire jurisdiction to take any action in the matter. *Smith* v. *Gustin* (1907), 169 Ind. 42, 49, 80 N. E. 959; *Shirk* v. *Moore* (1884), 96 Ind. 199, 200; *Crumley* v. *Hickman* (1884), 92 Ind. 388, 390; *State, ex rel.,* v. *Daly* (1911), 175 Ind. 108, 111, 112, 93 N. E. 539; *Cain* v. *State* (1905), 36 Ind. App. 51, 54, 74 N. E. 1102; *Equitable Surety Co.* v. *Taylor* (1918), 71 Ind. App. 382, 385; *State* v. *Johnson* (1898), 21 Ind. App. 313, 314, 52 N. E. 422. If the bond is not filed in time nothing else that may be done toward perfecting an appeal will give the court power to acquire jurisdiction by accepting a bond subsequently offered for filing. *Crumley* v. *Hickman, supra.*

The statute under which the circuit court assumed to act (ch. 143, *supra*) expressly provides, in §4, that the judgment of the circuit court on appeal thereto

8. "shall be final, and no appeal shall lie therefrom." And since the complaint alleged facts showing that the court had entered judgment against the plaintiff in a matter of which it had no jurisdiction, it stated

a cause of action, and the demurrer should have been overruled.

Appellant seeks to question the constitutionality of ch. 143, *supra,* but, in view of the conclusion reached, we do not find it necessary to decide the constitutional question. That and other questions argued by counsel may not arise when the cause is remanded to the circuit court.

The judgment is reversed, with directions to overrule the demurrer to the complaint.

## ON PETITION FOR REHEARING.

EWBANK, J.—Because the provisions of ch. 140, Acts 1919 p. 625 (§8716 Burns' Supp. 1921) for taking an appeal by filing a complaint and appeal bond within ten days are a re-enactment, in exactly the same language, of provisions contained in a statute previously in force (§4, ch. 172, Acts 1909 p. 412, 425) which it purported to amend by inserting additional provisions with regard to other matters, counsel insist that the language thus re-enacted from the older statute should not be treated as an expression of the legislative will of as much force and effect as a new statute passed at the time the amendment was made. And, in support of that contention, they quote from a recent decision of this court the following language (our italics): "And where a later statute merely re-enacts the provisions of an earlier one, *it does not repeal an intermediate act* which has qualified or limited the earlier one, but *such intermediate act* will be deemed to remain in force, and to qualify or modify the new act in the same manner as it did the first." *Public Service Comm.* v. *City of Indianapolis* (1922), 193 Ind. 37, 49, 137 N. E. 705. If ch. 143, Acts 1919 p. 635 (§10344 *et seq.* Burns 1926) had been passed

and approved while the act of 1909 continued in force, and had taken effect so as to qualify and modify the provisions of the act of 1909 before ch. 140 was approved, and then the act of 1909 had been amended by ch. 140 after ch. 143 thus had taken effect, the argument would be pertinent, and possibly the authority cited might be controlling. But this is not a case where "an intermediate act had qualified or limited an earlier act" before the latter was amended by re-enacting it in the same language, with the insertion of additional provisions. Chapters 140 and 143 took effect at the same time, and one of them cannot be deemed to have modified or limited any statute previously in force before the other was enacted. Hence the rule laid down by the case above cited is not controlling.

The petition for rehearing is overruled.