## CITY OF PERU ET AL. v. KREUTZER ET AL.

[No. 12,216.   Filed October 7, 1926.   Rehearing denied March 11, 1927.   Transfer denied October 14, 1927.]

1. APPEAL.—*Judgment confirming assessment of benefits for municipal improvement, when appeal lies.*—While there can be no appeal on the merits from a decision of the circuit court confirming an assessment of benefits for a municipal improvement, an appeal lies for the purpose of determining whether the judgment is void for want of jurisdiction.  p. 422.

2. MUNICIPAL CORPORATIONS.—*Appeal from assessment of benefits for street improvement, how taken.*—Prior to the amendment of Acts 1919 p. 625 by Acts 1925 p. 211, §10448 Burns 1926, an appeal to the circuit or superior court from a final assessment of benefits for a street improvement must have been taken under that act by filing a verified complaint and giving bond for the costs, and not under Acts 1919 p. 635, §§10344-10350 Burns 1926, providing for appeals generally from decisions of boards of works and park boards.  p. 422.

3. MUNICIPAL CORPORATIONS.—*Circuit court judgment rendered on attempted appeal from municipal assessment held void.*—Where a landowner assessed for a municipal improvement attempted to take an appeal from the assessment, but wrongfully proceeded under Acts 1919 p. 635, §8699a Burns' Supp. 1921, and, therefore, did not file a verified complaint and bond as required by Acts 1919 p. 625, §8716 Burns' Supp. 1921, no

jurisdiction was conferred on the circuit court to review the decision of the board of public works, and any judgment rendered by such court would be void.  p. 422.

4.  APPEAL.—*Appeal may be taken from a judgment that is void to question jurisdiction of the court.*—An appeal may be taken from a judgment rendered on an appeal to the circuit court from an assessment for a municipal improvement, for the purpose of questioning the court's jurisdiction and of setting the judgment aside as void, although, if the court had had jurisdiction, no appeal could have been taken (*City of Indianapolis* v. *Thompson Mfg. Co.,* 40 Ind. App. 535, distinguished).  p. 423.

5.  MUNICIPAL CORPORATIONS.—*Circuit Court had no jurisdiction to review assessment for sewer construction where verified petition not filed in ten days after assessment.*—Where, in conjunction with a street improvement, a city ordered the construction of a sewer, and assessments were made for the combined expense of the street and sewer improvement, the circuit court of the county would have no jurisdiction to review an assessment for the construction of the sewer under §10569 Burns 1926 where the property owner had not filed a verified petition in the circuit court within ten days from the completion of the assessment roll, as required by that section.  p. 425.

6.  MUNICIPAL CORPORATIONS.—*Validity of sewer assessments cannot be questioned by appeal under statute authorizing review of their amounts.*—The validity of assessments for the construction of a sewer cannot be questioned by an appeal from such assessments under §10569 Burns 1926, but only the amount of the assessments, as that is all that the statute authorizes.  p. 425.

From Miami Circuit Court; *Albert Ward,* Judge.

Appeal by E. A. Kreutzer and others from a decision of the common council of the city of Peru, acting as the board of public works, in assessing benefits for a street improvement.  From the decision of the circuit court confirming the assessments in part only, the city of Peru and others appeal.  *Reversed.*  By the court in banc.

*Phelps & Hartley, Rhodes & Rhodes* and *Glen Griswold,* for appellants.

*A. H. Cole, H. K. Cuthbertson* and *Butler & Butler,* for appellees.

*George H. Koons,* Amicus Curiae.

NICHOLS, J.—Appellees state that this case is an appeal from the acts or decision of the common council of the city of Peru, Indiana, acting as a board of public works, in the confirmation of a final assessment roll of benefits for the construction of a certain improvement of West Fifth street in said city, including the installation of curb and gutter, while appellant contends that the case is only an attempted appeal from such action of the common council. Appellant's contention that appellees had not perfected their appeal, and that therefore the Miami Circuit Court did not have jurisdiction, was presented to the trial court by its motion to dismiss the appeal, its plea of abatement, its demurrer to the complaint for want of jurisdiction and its demurrer to the complaint for want of facts. Adverse rulings on appellant's said pleadings are respectively assigned as error. The circuit court assumed jurisdiction, and, after trial, rendered judgment confirming the assessments of the common council as to the street, curb and gutter improvements, but annulling assessments as to sewer improvements. From that judgment, this appeal is taken, appellant presenting only, under its respective assignments of error, that the judgment is wholly void for want of jurisdiction of the court to try and determine the attempted appeal. While it is true that had there been a proper appeal to the circuit court under the statute no appeal could be taken to this court on the merits, for the purpose of determining whether the judgment was void for want of jurisdiction, an appeal lies. *Cushman* v. *Hussey* (1918), 187 Ind. 228, 118 N. E. 816.

Appellees' motion to dismiss this appeal is overruled.

Appellees contend that their appeal from the common council to the circuit court was under ch. 143, Acts 1919 p. 635, §10344 Burns 1926, which does not require a verified complaint and bond, and

appellees did not file a verified complaint and did not file a bond, while appellant contends that the appeal from the common council must be taken under the provisions of ch. 140, Acts 1919 p. 625, §8716 Burns' Supp. 1921, which required a verified petition and bond, and appellees having failed to file a verified petition, and to file a bond, no appeal was actually taken, and the Miami Circuit Court did not have jurisdiction. Since this appeal was taken, the Supreme Court, in the case of *City of New Albany* v. *Lemon* (1925), 198 Ind. 127, 149 N. E. 350, has decided this question against appellees' contention. On the authority of that case, the judgment herein is reversed, with instruction to the circuit court to vacate the same and to dismiss the appeal.

### ON PETITION FOR REHEARING.

NICHOLS, J.—Appellees, on petition for rehearing, still fail to make the distinction between an attempted appeal and an actual appeal. There was no appeal to the circuit court, only an attempted appeal, which, having failed, there was no jurisdiction in the circuit court, and any proceedings therein, including the attempted judgment which the court undertook to render, were absolutely void, the same as if no appeal had been attempted. The appeal to this court was not for the purpose of reviewing a judgment but for the purpose of setting aside a void judgment.

Appellee relies upon the *City of Indianapolis* v. *L. C. Thompson Mfg. Co.* (1907), 40 Ind. App. 535, 81 N. E. 1156, but that was a case of an actual appeal, and in which the court exercised jurisdiction and entered a valid judgment. The statute under which the proceeding was prosecuted provided that such judgment should be final and there was an attempt to appeal for the purpose of reviewing the judgment. The court properly dismissed the appeal. The

appeal was not for the purpose of determining the juris-
diction of the court or of the setting aside a void
judgment.    The case of *City of New Albany* v. *Lemon*
(1925), 198 Ind. 127, 149 N. E. 350, clearly points out
the statute under which the appeal to the circuit court
must be taken.    That action was by injunction for the
purpose of enjoining the enforcement of a void judg-
ment, and the court properly held that such an action
would lie.    If it may be said that there was some con-
fusion in the reasoning of the learned judge who pre-
pared the opinion in reaching a right result, the law
pertinent to the question involved is thus stated in his
able work known as Ewbank's Manual of Procedure,
§289:    "A judgment entered in a case where the court
has no jurisdiction of the subject-matter is of no valid-
ity whatever, and a void judgment may be attacked by
an appeal as well as by an original proceeding.    But
where the trial court was without jurisdiction an ap-
pellate court has no jurisdiction on appeal for any pur-
pose except to decide that fact."    Numerous authorities
are cited to sustain the rule of law.    Again, under
§265, he states the rule to be that "where the court has
permitted a cause to be presented for adjudication, the
fact that it erroneously entertains jurisdiction, and pro-
nounces judgment on the merits of a cause over which
it has no jurisdiction, or wrongfully decides that it has
no jurisdiction and dismisses the action, when it should
have proceeded to determine the rights of the parties,
is not sufficient cause of issuing an extraordinary writ
to control its action, because such error may be cor-
rected by an appeal.    It is firmly settled that an appeal
may be maintained from a judgment that is wholly
void," citing authorities.    Were the judgment here in-
volved a final valid judgment, there could be no appeal
therefrom under the statute, but, being a void judgment,
there was an appeal therefrom for the sole purpose of

determining the jurisdictional question, and of setting such void judgment aside.

There was included in the proceeding before the common council, in addition to the installation of the curb and gutter, the construction of a twelve-inch sewer for drainage purpose in connection with the improvement. We do not need to determine whether the two improvements might properly be combined in one proceeding. It is sufficient for us to say that if the two constructions could properly be so combined in one proceeding as a street improvement, then what we have said in the original opinion, and above in this opinion on rehearing, concerning the validity of the appeal applies so far as a challenge of the amount of the assessment is concerned. If it be said that the construction of the sewer was not properly a part of the street improvement, and that such sewer should have been constructed under the provisions of §10569 Burns 1926, then there is provision in that section for an appeal from the decisions of the common council as to the amount of the assessments made for the construction of sewers. It is provided, however, in that section that the owner of any land assessed may contest the amount of such assessment by filing in the circuit court, or superior court, of the county in which the city is located, a verified petition within ten days from the completion of the assessment roll. No such steps were taken in this case as to the sewer, and therefore, the statute not having been complied with, the circuit court was without jurisdiction to determine any question as to the amount of the assessments of the sewer. In this case, however, the challenge was not as to the amount of the assessments, but of their validity because of the failure of the common council to follow the preliminary steps provided by the statute in order that a valid assessment might be made. The question of such validity cannot

be presented by an appeal from the act of the common council, there being no provision for an appeal for such purpose.

Rehearing denied.

Dausman, J., absent.