## CITY OF WHITE BEAR LAKE v. JOHN LEUTHOLD AND OTHERS.[1]

July 22, 1927.

No. 26,050.

**Plaintiff city has authority to condemn land beyond its boundaries.**

1. The city of White Bear Lake has authority under its home rule charter to condemn land without its corporate limits for a public use.

**Special law construed.**

2. Sp. L. 1881, c. 410, declaring that the waters of Goose Lake shall remain free for common and public use, and that they shall not be connected with or applied to a public or private use, does not prevent condemnation by the city for a sewage disposal plant and connected use.

Eminent Domain, 20 C. J. p. 514 n. 2; p. 538 n. 62; p. 581 n. 61; p. 582 n. 62; p. 599 n. 77.

---

See 10 R. C. L. 199; 2 R. C. L. Supp. 990; 4 R. C. L. Supp. 657.

[1]Reported in 214 N. W. 930.

Plaintiff appealed from a judgment of the district court for Ramsey county, Bechhoefer, J., dismissing a proceeding for the condemnation of property to be used in connection with its sewage system. Reversed.

*Cowern, Jesmer & Christopherson* and *Walsh, Jackson, Pearson, Walsh & Yackel,* for appellant.

*Morphy, Bradford, Cummins, Cummins & Lipschultz, Chester L. Caldwell, F. W. Zollman, H. P. Keller, George Nordlin,* and *O'Brien, Horn & Stringer,* for respondents.

DIBELL, J.

Petition by the city of White Bear Lake to condemn property for use in connection with the sewage system of the city. At the close of the testimony for the petitioner the proceeding was dismissed. The defendants offered no evidence. There were no findings. Subsequently a judgment of dismissal was entered, from which the petitioner appeals.

The two important questions are:

(1) Whether the city may condemn property outside of its corporate limits.

(2) Whether Sp. L. 1881, p. 959, c. 410, prevents the condemnation of Goose Lake for purposes connected with its sewage system.

1. The city proposes to take land in Goose Lake, outside of its corporate limits, for a sewage disposal plant, and an outlet and flowage area. The city of White Bear Lake is a home rule charter city of less than 10,000 population. The enabling act, G. S. 1923, § 1271, provides that a home rule charter may authorize the city to condemn property within or without its limits for the full discharge of any public function. Section 94 of its charter provides:

"The city of White Bear Lake is hereby empowered to acquire, by lease, purchase, gift, devise, or condemnation, any property, real, personal or mixed, either within or without its corporate boundaries, which may be needed by said city for any public community, educational, recreational, use or purpose."

Section 95 provides that the necessity of taking for a public purpose shall be determined by the council and that

"The acquisition of such property may be accomplished by proceedings at law, as in taking land for public use by right of eminent domain according to the laws of this state, except as otherwise provided in this chapter."

Section 121 provides:

"The city of White Bear Lake shall have the right and power to acquire by gift, devise, purchase or condemnation any property without the corporate limits of the city of White Bear Lake for water works, sewage disposal tank, recreation grounds and bathing beaches."

Section 146 provides:

"All general laws and statutes of the state of Minnesota applicable in general to cities operating under home rule charters and applicable to cities of the same class as the city of White Bear Lake operating under home rule charters and not inconsistent with the provisions of this charter, shall be applicable to the city of White Bear Lake, and shall be construed as supplementary to the provisions of this charter."

It may be noted that G. S. 1923, § 1829, referring to eminent domain, provides that all cities and villages may exercise the right of eminent domain for the purpose of acquiring a right of way for sewage or drainage purposes and an outlet for sewage or drainage within or without the corporate limits.

The city under the provisions of its charter quoted has the power to condemn property without its corporate limits. The language of the latter portion of section 94 is a bit confused but we need not misunderstand it.

The case of City of Duluth v. Orr, 115 Minn. 267, 132 N. W. 265, is not out of harmony with the conclusion which we reach. There the charter authorized the city to regulate or prohibit the storage of explosives in the city or within one mile from its limits. There

was no condemnation of land for public use authorized. The ordinance attempting to give force to the charter was held invalid. Since then we have held that Minneapolis under its home rule charter may acquire lands located one and one-half miles from its limits and within the corporate limits of another municipality for park purposes and maintain therein public golf grounds. Booth v. City of Minneapolis, 163 Minn. 223, 203 N. W. 625.

And in Hobart v. City of Minneapolis, 139 Minn. 368, 166 N. W. 411, it was held that the city could condemn lands without its corporate limits for park purposes. These cases and the legislation cited are not directly controlling in considering the White Bear charter, but they indicate the necessity and practice under modern conditions of taking or condemning beyond corporate limits. And see 20 C. J. p. 581, § 64; Am. Dig. Mun. Corp. § 277.

2. The land proposed to be condemned is a part of Goose Lake. The lake is not meandered. It is privately owned. The respondents claim that it cannot be condemned for public use because of Sp. L. 1881, p. 959, c. 410, which declared that the waters of White Bear Lake and Goose Lake are public waters, shall forever remain free and open for the common and public use of all citizens, that they shall not be lowered or diminished by artificial means and that they shall not be connected with, used or applied to any use or purpose, public or private, by any person or corporation, public or private. The constitutionality of this statute was sustained in Sanborn v. People's Ice Co. 82 Minn. 43, 84 N. W. 641, 51 L. R. A. 829, 83 A. S. R. 401, at the suit of a riparian owner on the shore of White Bear Lake, in an action to restrain the defendant from removing ice to such an extent as to lower the lake level. Goose Lake is without a substantial amount of water and that has been its condition for several years.

It is unnecessary to consider further the effect of the special act of 1881. It is an unusual statute and we refrain from an unnecessary discussion of its effect. We are content to hold that it does not prevent the exercise of the right of eminent domain, in itself a sovereign right, and one properly exercised by a municipality under

legislative grant, in a case such as that before us. Even when property is devoted to a public use there may be a condemnation for another public use not substantially inconsistent. M. & St. L. R. Co. v. Village of Hartland, 85 Minn. 76, 88 N. W. 423; Board of Water Commrs. v. Roselawn Cemetery, 138 Minn. 458, 165 N. W. 279; 20 C. J. 598, et seq.; 10 R. C. L. pp. 198-203, §§ 169-171; Am. Dig. Em. Dom. § 47. Some other questions are discussed but none need be mentioned now. There should be a new trial.

Judgment reversed.

STONE, J., took no part.