## McDorman *v.* City of Terre Haute.

[No. 12,950. Filed October 13, 1927. Rehearing denied February 17, 1928. Transfer denied July 1, 1932.]

*Frank C. Wade* and *Henry W. Moore,* for appellant.
*Miller Davis* and *Clay A. Phillips,* for appellee.

NICHOLS, J.—Action in the nature of an appeal from an action of the board of public works of the city of Terre Haute, Indiana, wherein said board had adopted a condemnation resolution for the declared purpose of opening Hancock Street from First Street to Third Street in said city, and wherein such other steps had been taken in pursuance thereof that property adjacent to said Hancock Street, belonging to appellants, had been assessed by said board with the total cost of the alleged opening of said street of $1,200.

The appeal from such board of public works was taken by appellants filing in the Superior Court of Vigo County, their complaint in accordance with section 10344 *et seq,* Burns 1926, within the time allowed by law.

Appellee's motion to dismiss was sustained without the merits of the case being in any way considered and judgment was rendered against appellants for costs. This appeal followed.

The error relied upon for reversal is that the court erred in sustaining appellee's motion to dismiss, without a consideration of the cause on its merits.

It is averred in the complaint that appellants are the respective owners in fee simple of the several tracts of land described, which adjoin and abut on said Hancock Street, where it is so to be opened, and have been continuously the owners thereof during the time here involved. That on January 16, 1924, the board of public works of the said city adopted a condemnation resolution, for the declared purpose of opening that part of Hancock Street upon which appellants' respective lots adjoin and abut.

Said board of public works assessed said lots and tracts of land so abutting on said Hancock Street, with the total cost of the alleged opening of said street, for $1,200, and made out an assessment roll for said improvement with the names of property holders, and the description of property, abutting thereto, setting out the name of each property owner, the description of each lot or tract of land assessed and the total assessment against each lot so assessed. After said assessment roll was completed and filed said board of works gave notice to the property owners affected by said assessment, including appellants, of said action, and of the time when, and the place where, it would hear remonstrances from said property owners against the amounts so assessed, and would determine as to whether such lots or tracts of land had been or would be respectively benefited by said proposed improvement in the respective amounts named on said roll, or in any sum. Appellants, at the time and place of said hearing, appeared and filed and presented their special verified objections to the alleged opening of said Hancock Street and the assessment of their property therefor, challenging the right, power and authority of the board of works of such city to assess their property for the reasons: (1) that the portion of the street in question was legally dedicated, as such, to the said city and was so accepted by said city, in 1911, notice of all of which the present so-called owners had before they acquired their pretended title to same; (2) the portion of the street in question, has been a public street, known as Hancock Street, and in general use by the public as a street and thoroughfare for more than twenty-five years; (3) there is no public necessity for the proceedings herein for the reason that the street in question is already the property of the abutting property owners, and is dedicated to the public for use as a street; (4)

the proceedings challenged are purely a private scheme instituted for private gain and neither the public nor the abutting property owners are benefited thereby; (5) there is no public demand or necessity for the pretended opening of said street, there was no petition for the same, and no commissioners have been appointed to assess damages or benefits therein; (6) there is no one damaged by the pretended opening of said street because no one has any interest in the said street except the abutting property owners, and said street has long since been dedicated to the public as a street.

To these objections Josiah T. Walker, the present holder and the person for whose benefit the condemnation proceedings herein are brought, and the attorney appearing for and urging said condemnation proceedings, filed a general denial, which put the question of fact as to whether or not the aforesaid condemnation proceedings constituted a private scheme or public necessity, at issue.

It is further averred that the foregoing objections are well founded in truth and in fact, that the condemnation proceedings constitute a private fraudulent scheme, instituted for private gain, for the benefit of the present pretended owner of said street and his grantors; that said scheme is being carried out by two members of the board of public works, that said board of works are fully cognizant of the fact, that the city of Terre Haute has long since recognized the portion of Hancock Street in question as a public street, legally and completely dedicated to the public; and the said city has, by and through its proper officials, accepted such dedication and assumed jurisdiction thereof, and ordered sidewalks constructed thereon and has ordered it properly designated and named to the public as said Hancock Street, and yet said board of works, fraudulently and with fraudulent intent to force the adjoining and

abutting property owners wrongfully to pay the sum of $1,200 to the present pretended owner of said street, refused to recognize their duty to protect the city in its acquired rights to said street, and to protect the property owners in their vested rights, waived and overruled all objections, and all evidence of fraud offered by the objectors, and refused to swear witnesses or hear and receive any evidence offered bearing upon said issue. It also refused to make any record of any objections having been filed or presented.

It is further averred that appellants appeared before the said board of public works, at the time and place designated in the notice, and filed and presented their separate and several remonstrance against the amount of their assessments separately and severally on the portion of Hancock Street in question, but that the board of works fraudulently and with fraudulent intent to force the adjoining and abutting property owners wrongfully to pay $1,200 to the present pretended owner of said street, refused to note the filing of said remonstrance or the presentation of same, refused to swear the witnesses and hear sworn testimony bearing upon the issues made by said remonstrances, and arbitrarily, unlawfully, and fraudulently approved the assessment roll originally made without hearing any evidence in support of same; that without noting the filing or the presentation of any objections or remonstrance, without hearing or receiving any sworn testimony in support of the assessment roll aforesaid, and refusing to hear or receive any sworn testimony against said assessment roll, the board of public works, by and through a majority of its members, arbitrarily and fraudulently waived aside all objections and remonstrances, overruled and disregarded same, and sustained, confirmed, and approved the assessments, and each of them, so made against appellants' said lots, and thereupon com-

pleted said assessment roll and rendered its decision as to all benefits by confirming and approving said assessment roll as originally made, which shows the total amount of special benefits opposite each name and description of each piece of property on said roll; that said respective lots are not benefited in the sums assessed against them, nor either of them, nor in any sum, by said alleged and proposed improvement; that the said amounts assessed against said respective lots are unlawful, and a fraud, in law, as to each assessment, and that said lots are not benefited by said alleged improvement in any amount whatever; that the whole movement is a fraud in law,—a fraudulent scheme.

Prayer that the court review said proceedings from their inception, and reassess said benefits against the respective lots, render judgment that said proceedings are fraudulent, and dismiss the same as wrongful and oppressive, and as a fraud in law.

The reasons for appellee's motion to dismiss, as filed in the lower court, are (1) that the court has no jurisdiction over the subject matter involved; (2) that the court has no jurisdiction or authority, either on appeal or otherwise, to review and vacate the proceedings mentioned in the complaint; (3) that there is no right of appeal, as sought by appellants; (5) that by the proceedings herein appellants seek to review fully the proceedings had before the board of public works of the city of Terre Haute, and to vacate the entire proceedings of said board mentioned in the complaint herein, and neither the statute nor any other law gives this court power in anywise to review said proceedings, or make any order whatever vacating the same; and (6) that it is apparent upon the face of the complaint that appellants are not merely seeking to modify the action of the board in assessing benefits and damages, but that

it plainly shows an attempt to review and vacate the entire proceedings.

Conceding without deciding that the complaint plainly shows an attempt to review and vacate the entire proceedings still it is certainly apparent that appellants seek by their complaint to modify the action of the board in assessing benefits and damages against their respective properties. In condemnation proceedings, such as here, it is expressly provided that the board shall receive or hear remonstrances from persons with regard to the amount of their respective awards or assessments. Sec. 10353 Burns 1926. And by Sec. 10355 it is provided that any person duly notified may appear on the day fixed for hearing remonstrances with regard to awards and assessments and remonstrate in writing against the same, and the section then provides that, if such remonstrances have been received, the board shall thereupon either sustain or modify the awards or assessments in case of such remonstrances but in no other case. The section further provides that an appeal be allowed to any person aggrieved by the decision of the board.

Section 10344, being Sec. 1 of an act concerning appeals from boards of public works, in force March 14, 1919 (Acts 1919, Chap. 143, p. 635), supplants Secs. 10355 and 10356 as to the method of appeal, and provides that the party appealing may do so by filing an original complaint against the city as defendant within twenty days from the date of the action or decision of the board. Said section further provides what the complaint shall contain.

It is clear from this section of the statute that questions concerning the assessment of benefits and damages may be presented in the circuit or superior courts of the state by filing an original complaint therein, and when a complaint filed on appeal

does present these questions to the trial court, it must be held that such court has jurisdiction thereof, so far as it relates to the assessment of benefits and damages, even though there may be embodied in the complaint other questions which cannot be considered under the provisions of the statute authorizing the appeal.

It appears by the complaint, the substance of which is set out above, that the appellants remonstrated against the amount of their assessments separately and severally and that the board of public works refused to note the filing and presentation of the same and approved the assessment roll as originally made. From that decision of the public works there was clearly a right of appeal, in the manner followed by appellants, and the circuit court had jurisdiction of the assessment of benefits and damages, and it therefore erred in sustaining appellee's motion to dismiss the appeal without hearing this question on its merits. Had the question been determined on its merits, the statute provides that the judgment of the court thereon "shall be final and no appeal shall lie therefrom," Sec. 10347 Burns 1926. But where the court wrongfully decides that it has no jurisdiction and dismisses the action when it should have proceeded to determine the rights of the parties, there is an appeal from the decision of the trial court. *City of Peru* v. *Kreutzer*, 86 Ind. App. 420, 155 N. E. 515.

Appellee's motion to dismiss the appeal to this court is overruled, and the judgment of the trial court dismissing appellant's cause of action for want of jurisdiction is reversed.

### ON PETITION FOR REHEARING.

NICHOLS, J.—On petition for rehearing, appellee presents that the trial court had no jurisdiction to review the proceedings from their inception and to reassess benefits.

Sec. 10344 Burns 1926, provides a method of appeal in all appeals allowed at the time that it went into force, March 14, 1919, or that might thereafter be allowed by law.

In condemnation proceedings such as here, Sec. 10355 Burns 1926, in force at the time of the enactment of Sec. 10344, *supra,* allows an appeal only as to awards and assessments. Sec. 10347 Burns 1926, provides that the court shall rehear the matter of such assessments de novo, and confirm, lower or increase the same, as may seem just. Thus it appears that the court had jurisdiction to try the question of benefits and damages but refused to do so, and dismissed the appeal. As held in the original opinion, had this issue been tried by the court on its merits there could have been no appeal from the court's decision thereon; but when a court wrongfully decides that it has no jurisdiction and dismisses an appeal, as here, when it should have proceeded to determine the rights of the parties as to benefits and damages, such error may be corrected by appeal. The principle involved was decided in *City of Peru* v. *Kreutzer,* cited in the original opinion, which case appellee contends should be overruled, but the opinion herein was filed October 13, 1927, and on October 14, 1927, a petition to transfer the Kreutzer case to the supreme court was denied. There the court wrongfully assumed jurisdiction, here the court refused to assume jurisdiction. Thus in each case the question was as to the court's jurisdiction.

While under the statute there is no right of appeal from a judgment of the Circuit Court or Superior Court on merits, there is a right of appeal for the sole purpose of determining the jurisdictional question. Petition denied.

Dausman, J., absent.